McKean Buchanan, Plaintiff in error, *v.* James Alexander.

Money in the hands of a purser, although it may be due to seamen, is not liable to an attachment by the creditors of those seamen.

A purser cannot be distinguished from any other disbursing agent of the government; and the rule is general, that, so long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury.

A decision of a state court, sanctioning such an attachment, may be revised by this court under the twenty-fifth section of the Judiciary Act.

Mr Justice McLEAN delivered the opinion of the court.

This is one of six cases depending upon the same principle, which have been brought before this court by writs of error to the Circuit Superior Court for the county of Norfolk, State of Virginia, under the twenty-fifth section of the Judiciary Act of 1789.

Six writs of attachment were issued by a justice of the peace of the above county of Norfolk, by boarding-house keepers, against certain seamen of the frigate Constitution, which had just returned from a cruise. The writs were laid on moneys in the hands of the purser, the plaintiff in error, due to the seamen for wages. The money was afterwards paid to the seamen by the purser, in disregard of the attachments, by the order of the Secretary of the Navy.

The purser admitted before the justice that the several sums attached were in his hands due to the seamen, but contended he was not amenable to the process. The justice entered judgments against him on the attachments. The cases were appealed to the Superior Court of the county, which affirmed the judgments of the justice. And that being the highest court of the State which can exercise jurisdiction in the cases, and its judgments being against a right and authority set up under a law of the United States, may be revised in this court by a writ of error.

The important question is, whether the money in the hands of the purser, though due to the seamen for wages, was attachable. A purser, it would seem, cannot, in this respect, be distinguished from any other disbursing agent of the government. If the creditors of these seamen may, by process of attachment, divert the public money from its legitimate and appropriate object, the same thing may be done as regards the pay of our officers and men of the army and of the navy; and also in every other case where the public funds may be placed in the hands of an agent for disbursement. To state such a principle is to refute it. No government can sanction it. At all times it would be found embarrassing, and under some circumstances it might be fatal to the public service.

The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the government may be suspended. So long as money remains in the

hands of a disbursing officer, it is as much the money of the United States, as if it had not been drawn from the treasury. Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen.

It is not doubted that cases may have arisen in which the government, as a matter of policy or accommodation, may have aided a creditor of one who received money for public services; but this cannot have been under any supposed legal liability, as no such liability attaches to the government, or to its disbursing officers.

We think the question in this case is clear of doubt, and requires no further illustration.

The judgments are reversed at the costs of the defendants, and the causes are remanded to the state court, with instructions to dismiss the attachments at the costs of the appellees in that court.