# IN RE GARNISHMENT OF PAY OF MEMBER OF LEGISLATURE.

1. A garnishment against one as an individual, and not as a governmental disbursing officer, does not stop disbursement of the money.
2. A disbursing officer of the government is not subject to garnishment. Public money in his hands cannot be attached. Garnishment of government funds is contrary to public policy.

February 20, 1903.

*Mr. H. E. Smith* for complainant.

HOLT, Judge, delivered the following opinion:

This is a garnishment of the *per diem* allowance of one Nadal, a member of the legislature of Porto Rico, in the suit of H. E. Smith against him. The garnishment, however, is against Charles H. Magee, Esq., individually, and not against him as disbursing officer of the legislative assembly. In any event,

---

*Garnishment.* As to person or property subject to garnishment, see the following editorial notes: *Property in custody of law*, note to Dunsmoor v. Furstenfeldt, 12 L. R. A. 508; *Money due from receiver*, note to Irwin v. McKechnie, 26 L. R. A. 218; *Garnishment of debt after delivery of check in payment*, note to National Park Bank v. Levy Bros. 19 L. R. A. 475; *Officer or agent of a corporation for purpose of securing demand against corporation*, note to Mayo v. Milwaukee Amusement Co. 36 L. R. A. 561; *Liability of county to garnishment*, note to Washington ex rel. Summerfield v. Tyler, 37 L. R. A. 207; *Liability of carriers to garnishment*, note to Stevenot v. Koch, 28 L. R. A. 600; *Garnishment of executor or administrator*, note to Hudson v. Wilber, 47 L. R. A. 345.

### Re Garnishment of Pay.

therefore, it does not stop the payment of the salary by Mr. Magee as an official. He can truthfully respond in the suit that he owes Mr. Nadal nothing; that is, unless in fact he owes him individually. The garnishment is without effect as to him as a public officer.

In addition it may be said that a disbursing officer of the government is not subject to garnishment. As long as it remains in his hands it is as much the money of the government as if it were still in its treasury, and cannot be attached. Until paid to the person entitled to it, it cannot, in a legal sense, be construed as part of his effects. There is another reason, however, and a potent one, why it cannot be done. If a creditor of one official can attach what may be payable to him by the government, the creditors of all the other officials may do so, and, in effect, paralyze the government. It would certainly be embarrassing, and might prove fatal to the public service. It might be done, for instance, as to the pay of our officers and men of the Army and Navy. This would be detrimental to the public service. Equally so would it be as to the members of the legislature. No government, therefore, can sanction it. There are numerous state decisions upon the question; but the Supreme Court of the United States passed upon it in the case of Buchanan v. Alexander, 4 How. 20, 11 L. ed. 857.

Article 1449 of the Law of Civil Procedure of Porto Rico seems to have recognized the right to do so to a certain extent; but, in my judgment, it is contrary to public policy, and therefore not allowable. It is not in accord with the spirit of American government and the rule in force under it. Individual inconvenience or loss may sometimes arise; but this is not so serious as public inconvenience and the arrest of governmental proceeding.