# BENJAMIN J. HORTON

*v.*

# MUNICIPALITY OF AGUADILLA ET AL.

### GARNISHMENT OF MUNICIPAL FUNDS—PUBLIC OFFICER.

1. A ministerial officer in official possession of public money is not subject to garnishment.
2. The insular government, although it may sue and be sued, cannot be charged as garnishee as to a fund due through its disbursing officer to a municipality.
3. Money devoted to the purpose of carrying on a municipal government cannot be seized by garnishment, as it may be necessary to its existence; but it can be compelled by mandamus to pay its debts.

March 9, 1903.

*Messrs. Horton & Cornwell* for complainant.

HOLT, Judge, delivered the following opinion:

The plaintiff, Benjamin J. Horton, has a money judgment at law in this case against the municipality of Aguadilla. Execution thereon has been returned "no property;" and in order to satisfy it he has garnished money in the hands of the Treasurer of Porto Rico to which said municipality is entitled, and which

---

*Mandamus—to compel payment of municipal debt.* As to mandamus to compel payment of municipal debt by custodian of municipal funds, see editorial note to Ray v. Wilson, 14 L. R. A. 773.

was collected by said garnishee under authority of law, and for the purpose of meeting its municipal expenses.

The affidavit upon which the garnishment is based states that the money is held by the defendant, Willoughby, as Treasurer of Porto Rico. Does the garnishment lie? Is the insular Treasurer subject to garnishment? If so, is this fund raised for municipal purposes liable to garnishment? The case is submitted upon an agreed state of facts as to these questions.

It has often been held that money in the hands of a sheriff, or clerk of a court, or its receiver, or other like officer, is not subject to garnishment. The reason is that it is *in custodia legis.* This, however, is not the case with this fund. The insular Treasurer is, however, the disbursing officer of the insular government. It is the English rule that a ministerial officer in official possession of money is not subject to garnishment. This is the weight of authority in this country. For instance, money in the hands of a county treasurer due to a juror, or money in the sheriff's hands going to a jailer for his services, or in those of a public officer due to a public school teacher, cannot be garnished. The cases rest both upon the ground that, if the disbursing officers of a government were liable to garnishment, it would, at least, embarrass the public service, and perhaps prove very injurious to it; and this would also be true if the fund itself could be seized. The officer holding money derives his authority to do so from the law; and the law also directs how and to whom he shall disburse it. It is inconsistent with the public interest or the proper administration of public affairs that he should be liable to constant interruption in his public duties, and required to answer in the courts as to the funds in his hands, payable by law in a certain way. It is against public policy to draw government officials into controversies in which the government has no concern, and thus divert public moneys from the channel

Horton v. Aguadilla.

through which they are required to flow. If a disbursing officer of the government were constantly liable to garnishment, and by every creditor of a debtor, a purser in the Navy, or a paymaster in the Army, for instance, would be liable to it. Merely to state the case suggests the reason why it should not be allowed. It would arrest the operation of the government. It was, therefore, held in the case of Buchanan v. Alexander, 4 How. 20, 11 L. ed. 857, that it could not be done, being counter to public policy. Drake, Attachm. §§ 493-512.

It is urged that the body politic, known in the organic act creating civil government in Porto Rico as the "People of Porto Rico," is given power to sue and be sued, and that therefore the insular Treasurer is subject to garnishment. But even where a state has provided by law for its being sued, it is not chargeable as the garnishee of one of its public officers as to a salary due him. Equally so in this case the insular government cannot be charged as a garnishee as to a fund due through its disbursing officer to a municipality. Drake, Attachm. § 516a.

Again, the money sought to be attached is devoted by law to the purpose of carrying on the municipal government. If it were liable to garnishment by each and all of its creditors, it might paralyze the municipal government. While the municipality can and ought to be made to pay its debts, it cannot be done by a seizure of funds which may at the time be necessary to its very existence. This would defeat the policy of the law. It would stop the government.

It appears the debt upon which this judgment is based has been owing since October, 1898. The municipality, by its ayuntamiento, allowed it. It recognized it officially more than once. It is for medicines furnished to its poor; and there is no question as to the justice of the claim. It is the duty of the municipality, by § 57 of the local municipal laws, to provide in

Horton v. Aguadilla.

its budget for the payment of any liability of the previous year. Judgment was rendered for this debt at the October, 1901, term of this court. The city should at once provide for its payment. If it refuses or neglects to do so, after demand, for an unreasonable time, it may, undoubtedly, be compelled by mandamus or other proper remedy. Its payment, however, cannot be enforced in the manner now attempted; and the attachment is, therefore, discharged at the costs of the plaintiff.