FERMÍN ARRAIZA IGLESIAS, Plaintiff and Appellee, *v.* ISMAEL REYES JIMÉNEZ ET AL., Defendants; FÉLIX A. LEÓN, Intervener and Appellant.

No. 10028. Argued November 7, 1949.—Decided November 30, 1949.

584

*A. Miranda Esteve* and *R. Martínez Alvarez* for appellant. *José M. Portela* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

In the present case there is no controversy as to the facts. The only question to be determined is whether a creditor of the defendant may attach a credit owed to the latter by the Puerto Rico Aqueduct and Sewer Authority on account of work done by him for said corporation.

According to the record, Fermín Arraiza instituted suit for collection of money against Ismael Reyes Jiménez, to whom the Puerto Rico Aqueduct and Sewer Authority— formerly known as the Puerto Rico Aqueduct and Sewer Service [1]—owed some money for the work he did in the sewer system of Cabo Rojo which work was already approved by the Authority. In order to secure the effectiveness of the judgment, Arraiza attached said credit up to the sum of $6,180 plus $300 for interest, costs, expenses and disbursements in connection with the suit, including attorney's fees. The intervener [2] requested the annulment of the writ of attachment on the ground that said credit could not be attached

---

[1] This corporation was originally known as the Puerto Rico Aqueduct and Sewer Service, pursuant to the Aqueduct and Sewer Act of Puerto Rico, approved May 1, 1945 (Sess. Laws, p. 138) which was amended in all its Sections by Act No. 163 approved May 3, 1949 (Sess. Laws, p. 430).

[2] The interest of the intervener in the sum attached does not appear from the record, but since he was allowed to intervene, we should presume that he had some interest.

as it was derived from the construction of a public work and the amount attached was in the hands of the Puerto Rico Aqueduct and Sewer Authority, which is a public corporation. The lower court, by order of May 6, 1949, denied the motion of the intervener, who, in order to review said order brought the present appeal.

In *F.H.A.* v. *Burr*, 309 U. S. 242 (1940) wherein the attachment of a credit owed by said Agency to one of its employees was involved, it was held that such garnishment lay. The decision was based on the fact that Congress may waive the government's immunity from suit; that when Congress establishes a governmental agency and just as in the case of the Federal Housing Administration, Congress authorizes it to engage in commercial and business transactions with the public and permits it to sue and be sued, it must be presumed that said agency is as amenable to judicial process as any private enterprise would be under like circumstances, provided that the attached funds be severed from the United States Treasury and unless it is shown that the words "to sue and be sued" were used by Congress in a narrow sense, or that an implied restriction of that Authority is necessary to avoid grave interference with the performance of the governmental functions; that the words "to sue and be sued," in their normal connotation, embrace all civil process incident to the commencement or continuance of legal proceedings; that to say that Congress did not intend to include garnishment in the words "sue and be sued," would in general deprive suits of some of their efficacy; and that garnishment and attachment commonly are part and parcel of the process, provided by statute, for the collection of debts.[3]

In the light of the doctrine set forth, we shall now determine whether the Legislature, in creating the Puerto Rico Aqueduct and Sewer Authority, gave its consent in order

---

[3] For the origin and evolution of this doctrine, see 32 Ill. Law Rev. 483, and 89 University of Pa. Law Rev. 482.

that funds in its hands belonging to one of its creditors, could be attached. To that effect we must examine, in its pertinent part, Act No. 40 of May 1, 1945 (Sess. Laws, p. 138) which created the governmental agency in question, as amended in all its Sections by Act No. 163 of May 3, 1949 (Sess. Laws, p. 430).[4]

Section 2 of Act No. 163 of 1949 provides that the Puerto Rico Aqueduct and Sewer Authority shall constitute a public corporation and an autonomous governmental instrumentality of the People of Puerto Rico, granting to it the following powers: by § 4(c) to sue and be sued in its corporate name, except that it may not be sued for damages arising from the real or alleged impurity, irregularity, or insufficiency of the water supplied by it and that the judicial sale of its properties shall not be permitted; by 4(d) to make contracts and to execute all instruments necessary or convenient in the exercise of any of its powers; by 4(e) to acquire all kinds of properties and to dispose of them when it finds them to be surplus to its purposes; by 4(g) to borrow money and to issue bonds the principal of or the interest upon which is payable, in whole or in part, from revenues of the Authority. In addition, thereto § 4(n) provides that the bonds and other obligations issued by the Authority shall not be a debt of The People of Puerto Rico nor of any of its municipalities nor of its other political subdivisions and neither The People of Puerto Rico nor any such municipalities nor its other political subdivisions shall be liable thereon, nor shall such bonds or other obligations be paid out of any funds other than those of the Authority; and by § 7, that all moneys of the Authority shall be deposited in qualified depositaries for funds of the Insular Government, or the instrumentalities thereof, but they shall be kept in a separate account or accounts in

---

[4] When the amendatory Act was approved, the attachment had already been filed, but besides the fact that in the pertinent part a judicial question is involved, the Sections referred to in the opinion are substantially the same in both Acts.

the name of the Authority, and that the disbursements shall be made by it pursuant to regulations and budgets approved by the Board.

The Sections to which we have referred suffice to conclude that when the Legislature created the Puerto Rico Aqueduct and Sewer Authority, making it an autonomous governmental instrumentality; and empowering it to sue and be sued with the only exceptions which we have noted; to make contracts; to acquire all kinds of properties and to dispose of them; to borrow money the principal of or the interest upon which is payable, in whole or in part, from revenues of the Authority; in providing that the moneys of the Authority shall be kept in a separate account or accounts from the funds of the Insular Government and in authorizing it to disburse said funds pursuant to regulations and budgets approved by its Board; and finally, in prohibiting it to pledge at any time or in any manner the credit of The People of Puerto Rico, the Legislature clearly indicated its intention to the effect that this Authority would be as amenable to judicial process as any private enterprise would be under like circumstances, provided there would be no interference with the performance of its governmental functions.

It may be added that by the express provisions of the Act referred to, the money attached herein was deposited separate from the funds of The People of Puerto Rico; and that there has been no interference whatever with the performance of the governmental functions of the Authority, who in no manner whatever has objected to the attachment.

If we apply by analogy the doctrine set forth in *Burr, supra*, we must conclude that the lower court did not err in ordering the attachment in this case.

The cases cited by the intervener are not in point. In those cases the money involved was in the hands of the Government, without The People of Puerto Rico having waived its immunity from suit, as it has done with respect to the

Puerto Rico Aqueduct and Sewer Authority. In deciding those cases this Court followed the holding of *Buchanan* v. *Alexander*, 4 How. 20 (U.S. 1846), 11 L.ed. 857, distinguished in *Burr*, *supra*.

The order appealed from will be affirmed.