**Gail B. ENFINGER, Plaintiff,**

v.

**William T. ENFINGER, Defendant,**

v.

**UNITED STATES of America, Garnishee.**

Civ. A. No. 78–52–COL.

United States District Court,
M. D. Georgia,
Columbus Division.

June 26, 1978.

John P. Partin, Columbus, Ga., for plaintiff.

Gregory J. Leonard, Asst. U. S. Atty., Macon, Ga., for garnishee.

OPINION AND ORDER ON MOTION TO DISMISS

ELLIOTT, Chief Judge.

This action involves an attempt to garnish any refund for taxes owed by the

Garnishee, United States, to the Defendant in garnishment, William T. Enfinger. The case was removed from the Superior Court of Muscogee County, Georgia, pursuant to 28 U.S.C. § 1442(a)(1).

On February 28, 1978, a summons of garnishment was issued by the Superior Court of Muscogee County for $13,338.38 based on a judgment of final divorce ordering payment of alimony and child support by the Defendant in garnishment. The action names the United States of America as Garnishee and was directed to the Office of the Secretary of the Treasury, Office of Personnel. Plaintiff's attorney was subsequently advised by letter that the Defendant in garnishment was not an employee. Plaintiff's attorney advised that the summons of garnishment was directed to any tax refund for taxes withheld in 1977. On April 14, 1978, the United States petitioned for removal of the action from the state court to this court pursuant to 28 U.S.C. § 1442(a)(1). Upon removal the United States moved to dismiss the summons of garnishment on the grounds that it failed to state a claim against the Garnishee upon which relief can be granted and that any funds held by the Garnishee on behalf of the Defendant were not subject to garnishment.

It is the position of the United States that federal tax refunds are not subject to garnishment because the United States has not waived its sovereign immunity in respect thereof. It argues that the United States has waived its sovereign immunity, with respect to garnishment, only under Section 459 of the Social Security Act (42 U.S.C. § 659) and that this waiver does not include refunds of tax. The Plaintiff, however, argues that the United States has expressly waived its sovereign immunity under Section 459 with respect to refunds of tax based on moneys withheld from wages under 26 U.S.C. § 3402.

■ It is well established that the United States, as a sovereign, is immune from suit except as it consents to be sued and that the terms of its consent define the court's jurisdiction to entertain a suit. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); see *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 689, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Stout v. United States*, 229 F.2d 918 (2 Cir. 1956), cert. den. 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496; *Jules Hairstylists v. United States*, 268 F.Supp. 511 (D.Md.1967), aff'd per curiam 389 F.2d 389 (4 Cir. 1968), cert. den. 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968). This general rule of sovereign immunity has also long been applied to suits seeking to garnish the wages of employees of the United States. See, e. g., *Buchanan v. Alexander*, 45 U.S. 20 (4 How. 20), 11 L.Ed. 857 (1846).

The United States has waived its sovereign immunity with respect to garnishment only under Section 459 of the Social Security Act (42 U.S.C. § 659), as added by Section 101(a) of the Social Services Amendments of 1974 (Pub.L. 93–647, 93rd Cong., January 4, 1975 (88 Stat. 2357)). Subsequently, in 1977, Section 459 was revised and redesignated as Section 459(a) and new Sections 461 through 462 were added to the Social Security Act (42 U.S.C. §§ 659, 661–662) by Section 501 of the Tax Reduction and Simplification Act of 1977 (Pub.L. 95–30, 95th Cong., May 23, 1977 (91 Stat. 157)).

As amended, Section 459 of the Social Security Act provides that "moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual . . . shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." Section 462(f) of the Social Security Act (42 U.S.C. § 662(f)), as added by the Tax Reduction and Simplification Act of 1977, provides a detailed description of what moneys are payments "based upon remuneration for employment." In pertinent part, it reads as follows:

"(f) Entitlement of an individual to any money shall be 'based upon remuneration

for employment', if such money consists of—

    (1) Compensation paid or payable for personal services of such individual . ., or

    (2) Periodic benefits (including a periodic benefit as defined in Section 228(h)(3) of this Act) or other payments to such individual under the insurance system established by Title II of this Act [old age benefits] or any other system or fund established by the United States . . . which provides for the payment of pensions, retirement or retired pay, annuities, dependents or survivors' benefits, or similar amounts payable on account of personal services performed by himself or any other individual . . ."

The issue to be decided is whether the above statutory language waives the sovereign immunity of the United States so that federal tax refunds may be garnished. This Court is of the opinion that federal tax refunds may not be garnished because there has been no waiver of sovereign immunity. The limited waiver of sovereign immunity in the statute does not reach federal tax refunds.

■ Section 459 of the Social Security Act limits the "moneys" which are subject to garnishment to those "due from, or payable by, the United States" as "remuneration for employment." Tax refunds, however, are only made when taxes are overpaid and are not "due from or payable by the United States" as a result of an employment relationship. Even where all income is derived from wages, the taxes withheld on those wages immediately lose their identity as "remuneration for employment" as soon as they are deducted. In *P. C. Pfeiffer Co. v. The Pacific Star,* 183 F.Supp. 932 (D.C.Va.1960), the court held that once an employer has withheld taxes from the gross wages due to an employee under the ordinary employer-employee relationship, the amounts withheld then become due to the United States as taxes and not as wages. And in *American Fidelity Co. v. Delaney,* 114 F.Supp. 702 (D.C.Vt.1953), the court stated that when an employer withholds tax from an employee's wages and pays him the balance, the employee has been paid in full. These cases indicate that income taxes deducted from an employee's wages are not part of his "remuneration for employment" and, therefore, any refund due as a result of overpayment of the taxes would not fall into that category either. Of course, it is also possible that tax refunds may not even be based upon or related to wages but instead could consist of capital gains, rents, dividends or interest, or a combination thereof.

■ Additionally, the legislative history of the statute also indicates that tax refunds are excluded. In Senate Report No. 93–1356, 93rd Cong., 2d Sess. 44 (1974), accompanying Public Law 93–647, U.S.Code Cong. & Admin.News 1974, p. 8133, the problem of collecting child support payments was attributed, in part, to the statutory barrier against garnishment of wages of federal employees and military personnel. The explanation of Section 459 was captioned "Attachment of Federal Wages." S.Rep.No.93–1356, p. 53. In stating the effective date of this provision, the Report referred to it as "garnishment of Federal Wages." S.Rep.No.93–1356, p. 55. Thus, it is obvious that the primary intent of this statute is to remedy part of the child support and alimony problem by consenting to garnishment of federal wages. The only reference to income tax refunds that the Report makes is that state officials had recommended legislation permitting garnishment thereof. S.Rep.No.93–1356, p. 53. But in outlining the coverage of the statute, the Report made no reference to refunds. It only stated that "wages of Federal employees, including military personnel . ." and in "addition, annuities and other payments under Federal programs in which *entitlement is based on employment . .*" (emphasis added), would be subject to garnishment. S.Rep.No.93–1356, p. 54, U.S. Code Cong. & Admin.News 1974, p. 8157. Again, the focus was on employment. Income tax refunds are not made under a federal program and entitlement to a refund is not based on employment.

In addition to the legal aspects of this case, the Court also notes that serious administrative difficulties would result from subjecting income tax refunds to garnishment. The restrictions on disclosure of tax returns and tax return information contained in Section 6103 of the Internal Revenue Code of 1954 (26 U.S.C.) would prevent the disclosure of any tax refund until after a garnishment proceeding was initiated against the United States. Accordingly, virtually everyone trying to collect alimony or child support by judicial means would have to institute a garnishment proceeding against the United States to determine if any refund were available. As a result, the United States would probably be inundated with thousands of garnishment proceedings.

As already noted, gross taxable income is composed of many elements other than remuneration for employment or wages. Gross income is defined by Section 61(a) of the Internal Revenue Code of 1954 to include gains derived from dealings in property (for example, capital gains), interest, rents, royalties, dividends, annuities, income from life insurance and endowment contracts, income from discharge of indebtedness, distributive share of partnership gross income and income from an interest in an estate or trust. If garnishments of income tax refunds were allowed and a defendant-taxpayer were entitled to a refund, it would be necessary for the United States to analyze each individual's refund to determine what portion of the refund resulted from overpayment of taxes on "remuneration for employment" or wages. The result would be a large expenditure of time and money and activity which would be devastating to regular tax administration procedures. Additional complications would arise where a taxpayer-defendant whose refund is being garnished has remarried and filed a joint return. Here the "remuneration for employment" or wage element of any refund would have to be divided between the taxpayer-defendant and his or her spouse. Because of the administrative burden and expense that would be involved if tax refunds were garnishable, it seems clear that if Congress had intended to waive sovereign immunity in this area it would have expressly done so in the statute.

In arriving at this decision consideration has been given to possible use of tax refunds to avoid garnishment. Since tax refunds are not subject to garnishment, a wage earner might try to protect his or her wages from garnishment by claiming fewer exemptions than allowed under Section 3402(f) of the Internal Revenue Code and/or claiming additional withholdings under Section 3402(i) of the Code. However, this possibility is precluded by Section 462(g) of the Social Security Act. Section 462(g) protects certain common wage withholdings and other items from garnishment, including tax withholdings, but tax withholdings based on an improper number of dependents or additional withholdings not supported by evidence of a tax obligation are expressly excluded from this protection.

The Court concludes that tax refunds are not subject to garnishment under Section 459 of the Social Security Act because they are not money, the entitlement to which is based upon remuneration for employment due from or payable by the United States. Accordingly, the motion of the United States to dismiss is granted and this case is hereby dismissed.

IT IS SO ORDERED this 26th day of June, 1978.