53 F.3d 181
 63 USLW 2700
 AUTOMATIC SPRINKLER CORPORATION OF AMERICA, Plaintiff-Appellee,
v.
DARLA ENVIRONMENTAL SPECIALISTS INC. and Darla Environmental
Inc., Defendants.
Appeal of UNITED STATES of America, Third-Party Respondent.
 No. 94-2682.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 7, 1995.
Decided April 28, 1995.
 
 Joseph R. Marconi, Michael J. Lynch (argued), Johnson & Bell, Chicago, IL, for Automatic Sprinkler Corp. of America.
 Steven C. Mason, Office of U.S. Atty., Civ. Div., Appellate Section, Chicago, IL, for General Services Admin.
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 EASTERBROOK, Circuit Judge.
 
 
 1
 Buchanan v. Alexander, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846), holds that money retained by the United States for the benefit of its employees may not be reached by the employees' creditors unless Congress has enacted a statute authorizing garnishment or equivalent relief. Otherwise, the Court believed, the principle of sovereign immunity prevents a judge from directing how, when, and to whom the United States should distribute funds. In this case the district judge concluded that application of Buchanan would work an injustice to a creditor and wondered aloud: "Do I follow rule, or do I follow reason?" 852 F.Supp. 16, 17 (1994). The judge called Buchanan an "anachronism," id. at 18, elected to follow reason, and ordered the United States to pay the creditor. We follow rule--as the Supreme Court insists we must, no matter how old the rule and no matter how much it differs from a judge's view of sound policy. Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 1921, 104 L.Ed.2d 526 (1989); Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983); Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).
 
 
 2
 Darla Environmental Specialists performed construction work for the United States, which owes Darla about $450,000, the retainage on the contract. Darla dissolved without claiming the money; it has no incentive to do so, because its debts exceed $450,000. Automatic Sprinkler Corporation worked as a subcontractor on the job. Darla owes it some $490,000. Automatic Sprinkler reduced the debt to judgment in this diversity action and sought to collect from the United States under Fed.R.Civ.P. 69. The United States invoked sovereign immunity and added that Darla owes taxes that must be subtracted from the $450,000. It fears that Darla may have other creditors, each of whom may demand payment; Darla's successors or distributees also may lay claim to the $450,000. The district judge ordered the United States to pay Automatic Sprinkler notwithstanding the doctrine of sovereign immunity and the possibility of additional or inconsistent claims to the fund.
 
 
 3
 Automatic Sprinkler believes that sovereign immunity is inapplicable because it is trying to collect money that the United States concededly owes to Darla. This does not cut much ice. Buchanan did not turn on the procedure by which the creditor asserted its claim. The principle of governmental immunity is simple: anyone who seeks money from the Treasury needs a statute authorizing that relief. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); United States v. Testan, 424 U.S. 392, 399-403, 96 S.Ct. 948, 953-56, 47 L.Ed.2d 114 (1976); Army & Air Force Exchange Service v. Sheehan, 456 U.S. 728, 738-41, 102 S.Ct. 2118, 2124-26, 72 L.Ed.2d 520 (1982); Library of Congress v. Shaw, 478 U.S. 310, 315-17, 106 S.Ct. 2957, 2961-63, 92 L.Ed.2d 250 (1986); United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014-15, 117 L.Ed.2d 181 (1992); FDIC v. Meyer, --- U.S. ----, ---- - ----, 114 S.Ct. 996, 1000-04, 127 L.Ed.2d 308 (1994). Automatic Sprinkler has not pointed to such a statute; none exists. See also Franchise Tax Board v. Postal Service, 467 U.S. 512, 516-17, 104 S.Ct. 2549, 2552-53, 81 L.Ed.2d 446 (1984) (citing Buchanan for the very proposition entailed in our case, but holding that Congress has abrogated immunity for the Postal Service).
 
 
 4
 Recognizing that sovereign immunity might put subcontractors in a bind--but unwilling to surrender its benefits--Congress enacted the Miller Act, 40 U.S.C. Sec. 270a-270d. General contractors on projects funded by the United States must post bonds to ensure full payment of subcontractors. Subcontractors must look exclusively to the general contractors (and the bonds) for payment. They cannot obtain liens on the federal projects and buildings, and they cannot collect directly from the Treasury. Arvanis v. Noslo Engineering Consultants, Inc., 739 F.2d 1287 (7th Cir.1984). Darla failed to comply with the Miller Act (its sureties were not properly qualified); Automatic Sprinkler performed its subcontract nonetheless. That left it with a claim against Darla. Absence of a solvent surety does not authorize a claim against the United States. "[W]hen a prime contractor on a federal construction project fails to obtain a Miller Act payment bond and then defaults without paying his subcontractors ... the hapless subcontractor, not the United States", is left holding the bag. Id. at 1288. Arvanis considered and rejected an argument that the subcontractors may claim the retainage. Id. at 1293. Automatic Sprinkler has not offered us any reason to revise this holding.
 
 
 5
 Automatic Sprinkler had, and still may have, an alternative means to obtain partial payment. It can propel Darla into an involuntary liquidation. 11 U.S.C. Sec. 303(b)(2). A dissolved corporation is a "person" under the Bankruptcy Code of 1978. See 11 U.S.C. Sec. 101(33); In re Cedar Tide Corp., 859 F.2d 1127 (2d Cir.1988). Most states treat dissolved corporations as continuing to exist for some time, so that creditors may collect outstanding debts. See Model Business Corporation Act Secs. 14.06, 14.07. That is how it was possible for Automatic Sprinkler to sue Darla on the subcontract; it could as easily have put Darla into bankruptcy. The trustee appointed under Chapter 7 steps into the debtor's shoes and may collect the $450,000 on the same terms as Darla itself. Bankruptcy provides an orderly method of satisfying all creditors' claims (as the Rule 69 proceeding does not), of reducing the claims if all cannot be satisfied, and of protecting the United States from multiple or inconsistent claims to the same pot. At oral argument, Automatic Sprinkler could not explain why it had not followed this route to orderly collection and distribution. Instead it sought to depict this as a case in which the United States would be unjustly enriched. The bankruptcy forum makes that an unlikely outcome. But if we are wrong, this would not be the first time sovereign immunity frustrated the vindication of just claims. Whether and how to mitigate that effect is a question for the political branches of government. Through the Miller Act and the Bankruptcy Code, they have specified particular mechanisms, which must be followed.
 
 
 6
 REVERSED.