Jessie SHORT, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 102–63.

United States Court of Federal Claims.

Dec. 17, 1996.

Robert S. Venning, with whom were Weyman I. Lundquist, Michael I. Greenberg, and William C. Wunsch, San Francisco, CA; and William K. Shearer, San Diego, CA, for plaintiffs.

Pamela S. West, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER

MARGOLIS, Judge.

This ancient case is currently before the Court on a motion by plaintiffs seeking instructions concerning attempts by third parties to assert liens, levies and other attachments against money held in the *Short* Judgment Account. Plaintiffs' legal position in this case—that the money held in the *Short* Judgment Account is "federal money" and therefore is immune from attachment by state courts—was essentially unchallenged by the government in its brief and in oral argument. The Court agrees with plaintiffs' contentions, and accordingly directs plaintiffs' counsel to disburse funds from the

*Short* Judgment Account to those plaintiffs whose disbursements are subject to state attachment proceedings. Plaintiffs' counsel shall not deliver said funds to state levying officers.

## FACTS

Plaintiffs' counsel, Heller, Ehrman, White & McAuliffe ("Heller, Ehrman"), as administrator of the *Short* Judgment Account, has recently been faced with numerous attempts by third parties to assert liens, levies and other attachments against money held in the *Short* Account. Plaintiffs have received at least three Writs of Execution and Notices of Levy from officers of California state courts directing Heller, Ehrman to deliver to the levying officers any funds held on behalf of certain *Short* plaintiffs/debtors.[1] Plaintiffs have filed this motion seeking instructions from the Court as to the proper response to these efforts to attach funds in the *Short* Judgment Account. Plaintiffs argue that the funds at issue should not be released to levying officers of the State of California because releasing this money to the State (1) would violate the provision of this Court's Distribution Order declaring these monies to be federal funds; and/or (2) would violate the common law principle that funds held by a federal court in *custodia legis* cannot be attached by state courts.

## DISCUSSION

1. *The funds held in the Short Judgment Account are federal monies that are immune from state attachment proceedings.*

■ It is well settled that federal monies, *i.e.,* monies held by an agent of the federal government, are immune from attachment by state courts until they have been paid out for the purpose for which they were appropriated. *Buchanan v. Alexander,* 45 U.S. (4 How.) 20, 20–21, 11 L.Ed. 857 (1846); *Henry v. First Nat'l Bank of Clarksdale,* 595 F.2d 291, 309 (5th Cir.1979), *cert. denied sub nom.*

*Claiborne Hardware Co. v. Henry,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756. The principle announced in *Buchanan* has been extended to include funds administered by a private entity acting on behalf of the federal government. *Palmiter v. Action,* 733 F.2d 1244, 1247–48 (7th Cir.1984).

■ In the Distribution Order that established the *Short* Judgment Account, dated December 21, 1995, this Court made clear that "[t]he principal amount held in the 'Short Judgment Account' shall *retain its character as federal monies* and will be subject to the jurisdiction of this Court...." (emphasis added). As plaintiffs correctly point out, this provision was specifically included in the Court's Distribution Order to prevent third parties from asserting claims against the fund, and to thereby assist the parties in efficiently disbursing the judgment monies to the individual *Short* plaintiffs. Furthermore, it is clear that these monies have not yet been paid out for the purpose for which they were appropriated by Congress—namely, to compensate the individual *Short* plaintiffs. Instead, these funds are presently being administered by Heller, Ehrman, acting at the direction of this Court, until such time as these funds can be disbursed to the individual plaintiffs to satisfy the *Short* judgment. Thus, by the terms of the Distribution Order, and by its nature, the money held in the *Short* Judgment Account is "federal money." As such, this money is immune from attachment by state courts before distribution to individual plaintiffs. *Buchanan,* 45 U.S. (4 How.) at 20–21.

2. *The Short Judgment Account, which remains under the jurisdiction of the Court, is immune from state attachment proceedings under the doctrine of custodia legis.*

■ The funds held in the *Short* Judgment Account are also immune from state attachment proceedings under the common law doctrine of *custodia legis,* a doctrine

---

1. Heller, Ehrman received notices of liens and levies directed towards three individuals—Troy Steven Fletcher, Clarence Norvin Hostler, and Steven Park Smith. At oral argument, plaintiffs' counsel informed the Court that one of these efforts to levy monies in the *Short* Account was withdrawn. Plaintiffs' counsel also indicated that at the time of the hearing, Heller, Ehrman had received two or three additional attachment efforts. *See* Tr. at 8.

which "bars any attachment of funds in a court's registry that would prevent the court from disposing of the funds in accordance with the purpose for which they were deposited." *Landau v. Vallen*, 895 F.2d 888, 893–94 (2d Cir.1990); *see also In re Watts and Sachs*, 190 U.S. 1, 30, 23 S.Ct. 718, 725, 47 L.Ed. 933 (1903); *The Lottawanna*, 87 U.S. (20 Wall.) 201, 222, 224, 22 L.Ed. 259 (1873). Although not formally within this Court's registry, the monies held in the *Short* Judgment Account remain within the custody of this Court. As clearly stated in the Distribution Order, "[t]his Court retains continuing jurisdiction over this matter and over all monies until disbursement.... No monies may be disbursed except pursuant to order of this Court." Thus, the *custodia legis* doctrine is clearly applicable in the present case.

This common law doctrine applies with particular force when, as is the case here, "the order of one court interferes with the authority of another to dispose of a res within its custody." *Landau*, 895 F.2d at 894. To permit state creditors to assert liens, levies and other attachments against the *Short* Judgment Account would needlessly interfere with this Court's efforts to ensure the efficient and timely disbursement of judgment monies to the individual plaintiffs in a case that has already taken some thirty years to resolve. In order to avoid such conflict and delay, the doctrine of *custodia legis* will act as a bar to any efforts to attach these monies for so long as they remain within the control of this Court.

Of course, neither the status of the *Short* Judgment Account as federal monies, nor the common law doctrine of *custodia legis,* prohibits attachment of these monies *after* the funds have been released from the *Short* Judgment Account and disbursed to the individual plaintiffs. Indeed, to ensure that third parties are not prejudiced by the Court's order prohibiting state courts from attaching monies held in the *Short* Judgment Account, plaintiffs' counsel shall provide reasonable notice to all third party creditors who have asserted liens, levies or other attachments against the *Short* Judgment Account before actual disbursement to individual plaintiffs/debtors. This notice shall inform third party creditors of the date and amount of the intended disbursement.

## CONCLUSION

For the foregoing reasons, plaintiffs' counsel is directed to administer the monies in the *Short* Judgment Account in the following manner:

(1) Plaintiffs' counsel shall disburse funds from the *Short* Judgment Account to those *Short* plaintiffs whose disbursements are subject to state attachment proceedings. Plaintiffs' counsel shall not deliver said funds to state levying officers.

(2) Plaintiffs' counsel shall, however, provide reasonable notice to those third parties who have asserted liens, levies or other attachments before the actual disbursement of funds to individual plaintiffs/debtors. This notice shall indicate the date and amount of the intended distribution.