Eugene J. ALLISTON, Plaintiff,

v.

LITTLE NEIGHBORHOOD SCHOOLS, INC., t/a Little Neighborhoods Centers, Inc., Defendant, and CoreStates Bank, Garnishee.

v.

UNITED STATES of America, Movant.

Civil Action No. 98–935.

United States District Court,
E.D. Pennsylvania.

May 19, 1998.

As Amended May 26, 1998.

Supplemental Order June 5, 1998.

Lee A. Stivale, Robert James Jackson Associates, P.C., Springfield, PA, for Eugene J. Alliston.

Jimmie Moore, J. Moore & Associates, Philadelphia, PA, for Little Neighborhood Schools, Inc.

Keir N. Dougall and James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for U.S.

## MEMORANDUM AND ORDER

KATZ, District Judge.

*Factual Background*

In this action, plaintiff has served a writ of execution that has attached federal grant monies for the Head Start Program to satisfy a judgment arising out of a private employment dispute. Plaintiff has obtained a judgment against defendant Little Neighborhood Schools ("LNS"). To satisfy that judgment, plaintiff has served a writ of execution on defendant CoreStates Bank, which maintains an account for LNS. *See* United States Mot. Exs. A, B.

Defendant LNS operates under the federal Head Start Program and receives federal grant money for that purpose. *See id.* Ex. D. LNS maintains an account, 40408304, with CoreStates Bank that contains only federal funds which are received from the Administration for Children and Families. *See id.* Ex. D. An affidavit of an HHS official, Robert Sullivan, avers on information and belief that $4932 in non-federal funds are in CoreStates account 40408304, although the Director of the Center avers, on the basis of her personal knowledge of LNS's finances, that the account contains only Head Start funds, and that any non-federal funds are kept in a separate business account at CoreStates, account number 1419815561. *See id.* Exs. C, D; Government's Response, Exs. A, B.

On January 8, 1998, a Writ of Execution was filed in the Philadelphia Court of Common Pleas. *See* Def.Mot.Ex.A. The Writ was served on CoreStates Bank as garnishee by a. letter dated January 13, 1998. *Id.* Ex. B. Pursuant to plaintiff's writ of execution, CoreStates has removed $46,719.20 from ·LNS's Head Start account, or account 4048304, and placed those monies in a suspense account. *See id.* Ex. D. Without an order declaring plaintiff's writ invalid as to its Head Start account, LNS cannot have access to the $46,719.20 in sequestered Head Start funds. *See id.* Ex. D. The United States removed the action to federal court, and now moves for summary judgment and argues that although it has no objection to proper efforts to satisfy a judgment, plaintiff may not garnish federal Head Start grant monies. Plaintiff has filed a cross-motion for summary judgment asking the court to enter judgment as to $4932 in account 40408304.[1]

*Discussion*

■■■ The United States retains its immunity from suit unless it has unequivocally expressed a waiver of its immunity. *See, e.g., United States v. Nordic Village, Inc.,* 503 U.S. 30, 31–33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). This general principle has been utilized to preclude the attachment and garnishment of government funds without such an express waiver. *Compare Federal Housing Administration v. Burr,* 309 U.S. 242, 244–49, 60 S.Ct. 488, 84 L.Ed. 724 (1940) *with Buchanan v. Alexander,* 45 U.S. 20, 20–21, 4 How. 20, 11 L.Ed. 857 (1846). When federal Head Start funds are at issue, other courts have found that the United States has not waived its sovereign immunity to allow garnishment of those funds to satisfy a judgment entered against an organization designated to receive those funds. *See Neukirchen v. Wood County Head Start, Inc.,* 53 F.3d 809, 812–14 (7th Cir.1995); *Palmiter v. Action, Inc.,* 733 F.2d 1244, 1247–50 (7th Cir.1984); *Henry v. First National Bank of Clarksdale,* 595 F.2d 291, 309 (5th Cir.1979); *Gomez Fernandez v. Huerfano and Las Animas Counties Head Start Policy Council, Inc.,* Civ.A. No. 90–540, 1990 WL 126195 (D.Colo., Aug 14, 1990). As a result, in order to attach LNS's accounts, plaintiff must demonstrate that 1) the funds he seeks to attach are not federal in nature; or 2) that the funds have been finally expended for their statutorily defined purpose. *See Palmiter,* 733 F.2d at 1248. Plaintiff has not created any question of material fact as to the $46,719.20 in CoreStates account 40408304. Plaintiff relies on the affidavit of Robert Sullivan, the HHS official, to claim that a question exists as to whether $4932 in account 40408304 is federal or non-federal money. Sullivan's statement was made as part of the original Notice of Removal to this Court, and is predicated on information and belief, rather than personal knowledge. As a result, this statement is insufficient to create a question of material fact to preclude summary judgment. *See, e.g., Tziatzios v. United States,* 164 F.R.D. 410, 412 (E.D.Pa.1996) ("[A] party cannot overcome a motion for summary judgment based on an averment prefaced "on information and belief." Such a statement must be disregarded for summary

---

**1.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank,* 979 F.2d 1579, 1582 (3d Cir.1992).

judgment purposes, as it fails to comply with Rule 56(e)"). Plaintiff has not offered anything further in terms of legal authority or documentation to indicate a question of material fact, so summary judgment is appropriate.

The writ is stricken, so LNS may have access to the funds that are clearly intended for its use. An appropriate Order follows.

### ORDER

**AND NOW,** this 19th day of May, 1998, upon consideration of the United States' Motion for Summary Judgment and Plaintiff's Cross Motion for Partial Summary Judgment, and the responses thereto, it is hereby **ORDERED** that the United States' motion is **GRANTED,** and plaintiff's motion is **DENIED.** Plaintiff's writ of execution, dated as of January 8, 1998, and served upon CoreStates Bank as garnishee is hereby **STRICKEN AND DECLARED NULL AND VOID** to the extent it attaches any funds in CoreStates Bank account number 40408304. It is further **ORDERED** that plaintiff shall not cause further writs of execution to be served upon CoreStates Bank account number 40408304 in this matter without first seeking leave, upon notice to the United States and to all other parties, and without first obtaining leave from this court.

### ORDER

AND NOW, this 5th day of June, 1998, upon consideration of the pleadings, the motion for summary judgment of the United States America, the United States' memorandum of law in support of the Motion for Supplemental Order by defendant Little Neighborhood Schools, Inc., and any response thereto, it is HEREBY ORDERED THAT the Motion for Supplemental Order of defendant is GRANTED. Plaintiff's writ of execution, dated as of January 8, 1998, and served upon CoreStates Bank as garnishee IS HEREBY STRICKEN AND DECLARED NULL AND VOID to the extent

that it attaches any funds in CoreStates Bank account numbers 40408304, 40423354, or 40463534. Plaintiff shall not cause further writs of execution to be served upon CoreStates Bank account numbers 40408304, 40423354, or 40463534 in this matter without first seeking leave, upon notice to the United States and all other parties, and without first obtaining leave from this Court.

IT IS HEREBY FURTHER ORDERED THAT defendant Little Neighborhood Schools, Inc., t/a Little Neighborhood Centers, Inc. shall use CoreStates account numbers 40408304, 40423354, and 40463534 only for funds received from the United States pursuant to the Head Start federal program.[1]

IT IS HEREBY FURTHER ORDERED THAT garnishee CoreStates Bank shall not deduct from defendant's CoreStates account numbers 40408304, 40423354, or 40463534 any amount for attorney's fees or costs or for any other reason in this matter.[2]

---

1. On the record before me, those accounts contained only federal funds. Webb Affidavit Exh. C.

2. The negative implication of 42 Pa. Cons. Stat. Ann. § 2503(3) is that the Bank cannot claim counsel fees because it did not disclose all of LNC's accounts in its answers to Plaintiff's Interrogatories.