**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| QUANTUM PRODUCTION SERVICES, LLC, a California limited liability company; TERRY E. KENNEDY, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STEVEN KENT AUSTIN, <br><br> Defendant - Appellee. | No. 09-57012 <br><br> D.C. No. 2:09-cv-05087-PSG-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 5, 2011
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for Northern California, San Jose, sitting by designation.

The Plaintiffs, Quantum Production Services, LLC and Terry E. Kennedy (collectively "Quantum"), appeal from a district court order dismissing their complaint with prejudice on sovereign immunity grounds. We disagree with the district court's conclusion that the relief sought by Quantum would interfere with the government's interest in the funds in a manner that implicates sovereign immunity, but affirm on other grounds.

1.     As a preliminary matter, the appeal is moot as to the more than $5 million that the government has already distributed to victims. *See Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). Quantum's argument that a decision by this court can still provide effective relief is unpersuasive because it is dependant on adding the United States as a defendant on remand. The United States has not waived its sovereign immunity in this case, and there is no reason to believe that Quantum could add the United States as a defendant.

Moreover, even if Quantum could add the United States as a defendant, the United States could not be held liable as a subsequent transferee when the facts indicate that "the United States, armed with its own prior, valid judgment[], pursued the same funds [as Quantum] and got there first." *CHoPP Computer Corp. v. United States*, 5 F.3d 1344, 1350 (9th Cir. 1993). There is no reason to

believe that Quantum's unperfected interest in the money deposited with the court, assuming that it indeed has such an interest, should be allowed to impede satisfaction of the restitution order in Austin's criminal case. *See Wardley Dev. Inc. v. Superior Court*, 262 Cal. Rptr. 87, 90-91 (Ct. App. 1989).

**2.** As to the money that remains undistributed, the government's interest in the funds is not sufficient to warrant dismissal of Quantum's complaint on sovereign immunity grounds. Neither the United States, one of its agencies, nor any federal employee is a party to the present suit. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994))). The only defendant, now and at the time the district court dismissed Quantum's complaint, is Austin, a private individual.

Further, funds deposited in a court's registry are not public funds in the sense typically at issue in sovereign immunity cases because "[t]he funds . . . are [not] specifically appropriated to certain national objects." *Buchanan v. Alexander*, 45 U.S. 20, 20 (1846); *see also Nationwide Investors v. Miller*, 793 F.2d 1044, 1048 (9th Cir. 1986). The money sequestered in this case was *never* appropriated by Congress for any purpose, but was instead deposited with the court by a private individual pursuant to a plea agreement.

3

**3.** Nonetheless, the doctrine of *custodia legis* limits Quantum's ability to attach or otherwise access funds deposited with the district court. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1062 (9th Cir. 1991). That doctrine "prohibits any attachment of property in a court's registry that would prevent the court from allocating the property in accord with the purpose for which it was deposited." *Id.*; *see also Maxwell v. California*, 341 F.2d 235, 237-38 (9th Cir. 1965).

Quantum's requested relief in this case, that the district court order release of the $6 million held in the court's registry to Quantum, prior to satisfaction of the restitution order, is contrary to the doctrine of *custodia legis*. Quantum could instead have sought a contingent writ of attachment against the funds, which may allow it to obtain any "excess proceeds . . . over and above the amount needed to pay [Austin's] criminal fines and restitution." *Van Cauwenberghe*, 934 F.2d at 1053, 1064; *see also Maxwell*, 341 F.2d at 238 (holding that "[u]pon cessation of the purpose for which the fund is taken into the custody of the court . . . it is entirely proper that a proceeding be instituted by that court to determine its rightful disposition"). That there will ultimately be any such excess funds is, of course, unlikely in this instance, as the restitution order to which the funds were meant to be applied is for a great deal more than the amount deposited with the court.

4

We therefore affirm the dismissal of Quantum's complaint as written, but do so without prejudice to Quantum filing an amended complaint that seeks appropriate relief.

**AFFIRMED.**