Morris Pottish, New York City, for plaintiff-appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and BARTELS, District Judge.

George **HOLLANDER**, Plaintiff-Appellee,

v.

Alex **HOLLANDER**, Defendant-Appellant.

No. 372, Docket 28017.

United States Court of Appeals Second Circuit.

Argued June 4, 1963.

Decided June 17, 1963.

PER CURIAM.

In an action before Judge Dimock, defendant-appellant was found to have engaged in stock transactions for the joint account of himself and his brother, plaintiff-appellee. Judge Dimock ordered an accounting. When it was submitted, plaintiff thought it inadequate and sought to have defendant held in contempt. Judge Dawson agreed that the accounting was inadequate, but felt that defendant should be given a second chance to comply. When the second accounting was presented, plaintiff again moved to have defendant adjudged in contempt. Judge Bonsal found that defendant still had not complied with Judge Dimock's order and appointed Frank H. Gordon, Special Master, to conduct a hearing so as to obtain the accounting which defendant persisted in failing to make. The result of these proceedings was a recommendation that defendant be held in contempt. Judge Bonsal accepted the Special Master's recommendations, directed the defendant to pay $1,379 to plaintiff's attorney as reasonable compensation and disbursements, together with $3,000 to the Master as fee,

and further directed a proper accounting on penalty of a $3,000 fine. Defendant now appeals from this judgment.

▮ Plaintiff asks us to reopen the denial of his motion to dismiss the appeal, made by another panel of this court. This, however, we are unwilling to do. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528. The defendant must pay over large sums of money to plaintiff's attorney and the Special Master, and this order he cannot effectively appeal after the final judgment on the accounting. The issue on the merits is whether the defendant made a bona fide effort to comply with the district court's mandates. In such a situation, demeanor has crucial importance. Beyond that, defendant's conduct seems dubious and irresponsible. Thus there is no basis for setting aside the determinations of two district judges and the Special Master.

Affirmed.