**C. E. H. McDONNELL, as Trustee in Reorganization of Equitable Plan Company, Plaintiff-Judgment Creditor-Appellee,**

**v.**

**Lowell M. BIRRELL, Harold J. Simon, et al., Defendants,**

**Harold J. Simon, Defendant-Judgment Debtor-Appellant.**

No. 416, Docket 28336.

United States Court of Appeals Second Circuit.

Argued July 24, 1963.

Decided Aug. 30, 1963.

Robert S. Stitt, New York City (Thacher, Proffitt, Prizer, Crawley & Wood, New York City, on the brief), for plaintiff-judgment creditor-appellee.

James F. Ryan, New York City, for defendant-judgment debtor-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

This appeal is taken from an order granted by Judge Palmieri in the Southern District of New York directing the appellant, Harold J. Simon, to make monthly installment payments of $500 until satisfaction in full of his liability as a judgment debtor on a judgment of that court heretofore affirmed by us, McDonnell v. Bell Container Corp., 310 F.2d 880 (1962).

■ The appellee urges that the order is not appealable, inasmuch as it is subject to subsequent modification, and because other matters considered in the supplementary proceedings out of which the order arose are still pending before the District Court. We deem the order a "final decision," 28 U.S.C. § 1291, and therefore appealable.

No clear rule has evolved in the federal courts as to the appealability of orders issued in supplementary proceedings. While some courts of appeals have found such orders nonappealable, e. g., United States v. Stangland, 270 F.2d 893 (7 Cir.1959), many have either ignored the question, e. g., United States v. Miller, 229 F.2d 839 (3 Cir.1956), or chosen to gloss over it, O'Keefe v. Landow, 289 F.2d 465 (2 Cir.1961).

Disobedience to Judge Palmieri's order would be punishable as a contempt by fine and/or imprisonment, New York Civil Practice Act, §§ 793, 801, New York Judiciary Law, McKinney's Consol.Laws, c. 30, § 753. We see no reason to withhold review and await the institution of contempt proceedings, thereby placing the appellant in the dilemma of either acceding to an order which he alleges to be legally deficient or subjecting himself to fine and imprisonment for disobedience. Cf. Application of Colton, 291 F.2d 487 (2 Cir.1961). See also Hollander v. Hollander, 318 F.2d 818 (2 Cir.1963).

While Judge Palmieri's order is subject to modification from time to time upon motion by either party and a showing of changed circumstances, New York Civil Practice Act, § 793, the order as written is immediately enforceable and disposes of that aspect of the supplementary proceedings. Moreover, the order is entirely divorced from those aspects of the proceedings still pending before the District Court. The requirement of finality is designed to prevent the piecemeal handling of litigation within the federal courts; nonetheless, where one separate and distinct proceeding, separable from other aspects of an action still pending before the District Court, is disposed of finally, immediate review may be had. Cf. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In the present case, disobedience to Judge Palmieri's order, and the subsequent institution of contempt proceedings, might force appellate review of the installment payment order prior to review of those matters still pending before the District Court in any event. To require that this matter progress to the point where the District Court has held Simon in contempt seems pointless. We therefore see no good reason why we should not review Judge Palmieri's order at the present time. We are not persuaded to the contrary by Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67 (1936), upon which the appellee relies.[1]

1. In Fox the Court held nonappealable an order of the District Court fining a judgment debtor for contempt in failing to respond to a subpoena in supplementary proceedings. The Court pointed out that the supplementary proceeding was, at the time of the imposition of the fine, only in its initial stages and that the relief appropriate to the proceeding included, *inter alia*, a decree for the payment of money. What the final relief would be, the Court stated, was, at the time. of the appeal, still a subject for conjecture. In the present case, however, the supplementary proceedings have reached the stage at which the appropriate final relief, an installment payment order, has been granted.

948

■ The record provides abundant evidence to support a monthly installment order of $500. Simon's financial statement showing a net worth of $184,-503.14, and evidence of the manner in which he and his family live, and his business activities, afford ample proof that he is in a position to comply with the order and still meet without difficulty "the reasonable requirements of the judgment debtor and his family," New York Civil Practice Act, § 793. The order of the District Court is therefore affirmed.