**JOSEPH F. HUGHES & COMPANY, Inc.,**
**Plaintiff-Appellee,**

**v.**

**UNITED PLUMBING & HEATING, INC.,**
**Defendant-Appellant.**

**No. 18260.**

United States Court of Appeals
Sixth Circuit.

March 18, 1968.

Thomas B. Talbot, John T. Ducker, Talbot, Jennings & Ducker, Dayton, Ohio, for appellant.

Richard L. Steinberger, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

PER CURIAM.

Appellee obtained a judgment against the Appellant in the United States District Court for the District of Columbia and caused a certified copy of the judgment to be registered with the United States District Court for the Southern District of Ohio. On the basis of the registered judgment the District Court for the Southern District of Ohio issued an order in aid of execution requiring the District Director of the Internal Revenue Service at Cincinnati, Ohio, to " * * * hold any and all monies it may determine should be refunded to the [Appellant]."

Upon receiving notice of the "hold" order, the Appellant moved the Court to vacate the order " * * * for the reason that said order violates the well-established legal concept of sovereign immunity." The Internal Revenue Service, however, recognized the "hold" order and pursuant to a subsequent order of the Court deposited into Court two refund checks due to the Appellant. The District Court denied the motion to vacate, and the Appellant perfected an appeal. The Appellee has now filed a motion with

this Court to dismiss the appeal on any one of three grounds: (1) that the case is moot since the Internal Revenue Service has paid the refund checks into Court, (2) that the judgment of the District Court is not final, and (3) that the Appellant has no standing to raise the defense of sovereign immunity. We deny the motion so far as it is based upon the mootness and lack of finality of the District Court's order; the question of standing is passed to be briefed and argued on appeal.

■ The "hold" order in question is to remain in effect "until further order [by the District Court] * * *." No order has been entered vacating the "hold" order; and the checks paid into Court by the Internal Revenue Service were paid pursuant to an order subsequent to the "hold" order. Compliance with the subsequent order does not render moot this controversy concerning the legality of the still outstanding "hold" order.

■ We also find that the order of the District Court denying the motion to vacate is sufficiently final for appeal. In Sabadash v. Schavo, 128 F.2d 923 (6th Cir. 1942), this Court held that an order denying a petition to recall and perpetually stay execution upon a judgment was not appealable. The petition in that case was based on the claim that the judgment had been discharged by virtue of the petitioner's subsequent discharge in bankruptcy. No property of the petitioner had been levied upon; so in essence the petitioner was seeking an advisory opinion. Here specific property, tax refunds due or to be due to the judgment debtor, has been garnisheed; and the judgment debtor is contesting the Court's power to levy upon the specific property in question. In a like circumstance this Court has entertained an appeal from a denial of a motion to vacate a levy and sale. Whiteleather v. United States, 264 F.2d 861 (6th Cir. 1959).

■ Moreover, since the *Sabadash* case the United States Supreme Court has noted that the requirement of finality should be given a practical rather than a technical construction. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) affirming 321 F.2d 518 (6th Cir. 1963). Piecemeal review, against which the rule of finality is aimed, is not as decisive a consideration after judgment as before judgment. See e. g. Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389 (3rd Cir. 1967); McDonnell v. Birrell, 321 F.2d 946 (2d Cir. 1963). In the instant case all that remains to be done is for the District Court to collect any refunds due the judgment debtor and pay them over to the judgment creditor. It would be difficult to conceive of a time when this order would be more conclusive, unless the judgment debtor must wait and sue for return of his property wrongfully garnisheed. Such a requirement would seem to promote the piecemeal litigation that the rule of finality was designed to avoid.

On the question of standing to raise the defense of sovereign immunity, we have found a surprising lack of authority on the capacity of a judgment debtor to contest a proceeding in aid of execution, and an even more surprising lack of authority on the nature of the defense of sovereign immunity and its affect upon the jurisdiction of a federal District Court. Compare Williams v. United States, 289 U.S. 553, 571–577, 53 S.Ct. 751, 77 L.Ed. 1372 (1933); with United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). It would be inappropriate, therefore, to dispose of the close question of standing on a motion to dismiss. A determination of that question and a final determination on the motion to dismiss will be passed to the argument on appeal. Counsel are requested to further brief the question of standing for the convenience of the Court.