445 F.Supp. 484 (1977)
DePAUL COMMUNITY HEALTH CENTER, DAUGHTERS OF CHARITY, a corporation operating DePaul Hospital, Plaintiff,
v.
Shirley CAMPBELL, aka Shirley Hollins, Defendant, Veterans Administration, Garnishee.
No. 77-205 C (4).
United States District Court, E. D. Missouri, E. D.
March 29, 1977.
Gerald J. Bamberger, St. Charles, Mo., for plaintiff.
Jean C. Hamilton, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendant.

*485 MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motion of the garnishee, the United States Veterans Administration, to quash summons served upon it on February 1, 1977. Defendant in the original action, Shirley Campbell, is an employee of the Veterans Administration. Judgment was obtained by plaintiff against defendant Campbell in the amount of $1788.87 plus interest and costs. The issue presented is whether the Veterans Administration is subject to garnishment.
In Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940) the Court held that the Federal Housing Administration was subject to garnishment where the statute in question provided:
The Administration shall, in carrying out the provisions of this title [title I] and titles II and III, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.
The Court stated that waivers of sovereign immunity were to be liberally construed and that
. . . if the general authority to "sue and be sued" is to be delimited by implied exceptions, it must be clearly shown that certain types of suit are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense. Id. at 245, 60 S.Ct. at 490.
In that case, the FHA argued that the "sue and be sued" clause related only to cases concerning the Administrator's own duties. The Court stated that since title I was concerned with FHA employment, the garnishment of an employee's wages fell within the Administrator's duties under title I.
Plaintiff cites the Court to May Department Stores Company v. Williamson, 549 F.2d 1147 (8th Cir. 1977) in which the court held that the United States Postal Service was subject to garnishment. The statute in question therein, 39 U.S.C. § 401, provides in part:
The Postal Service shall have the following general powers:
(1) to sue and be sued in its official name; . . .
There is clearly no restriction placed upon the "sue or be sued" clause.
In connection with the Veterans Administration, however, the relevant statute, 38 U.S.C. § 1820, provides:
(a) Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may 
(1) sue and be sued in his official capacity in any court of competent jurisdiction, State or Federal; . . . . [emphasis added]
The chapter referred to is chapter 37 entitled "Home, Condominium, and Mobile Home Loans". The chapter which concerns employees of the Veterans Administration is chapter 3.
In Chicago Housing Authority v. Brownie Lee Davis, et al., No. 75 C 2133 (E.D.Ill. November 20, 1975), the court held that the Veterans Administration was subject to garnishment under the same circumstances as exist herein. The court, however, did not consider the language in § 1820 limiting the "sue and be sued" clause to only those matters arising under chapter 37. Accordingly, this Court declines to follow the holding.
It is the Court's conclusion that the waiver of sovereign immunity contained in § 1820 does not extend to the circumstances existing herein and, accordingly, will grant garnishee's motion.