The MAY DEPARTMENT STORES COMPANY, Plaintiff,

v.

Mable M. WALTON, Defendant,

and

Veterans Administration, Garnishee.

No. 77–873C(3).

United States District Court,
E. D. Missouri, E. D.

Oct. 21, 1977.

Charles Clayton, Clayton & Karfeld, St. Louis, Mo., for plaintiff.

Barry A. Short, U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of the garnishee Veterans Administration to dismiss plaintiff's garnishment and upon the motion of plaintiff to remand this cause to the Magistrate Court of the County of St. Louis, Fifth District.

On January 27, 1975, plaintiff received a judgment against defendant Mable Walton in St. Clair County, Illinois. Said judgment was later registered in St. Louis County, Missouri on April 4, 1977. Judgment was entered thereon on May 4, 1977. Plaintiff filed an execution on June 20, 1977 and said execution was returned not satisfied. On June 28, 1977, the Veterans Administration was served with a garnishment, requesting it to withhold monies owed to defendant Walton, an employee of the Veterans Administration. On July 11, 1977, the Veterans Administration filed an answer to the garnishment, asserting that the doctrine of sovereign immunity barred the garnishment. On July 29, 1977, plaintiff filed a denial to the answer. This cause was removed to this Court on August 10, 1977.

■ Title 28 U.S.C. § 1446 provides that a petition for removal "shall be filed within thirty days after receipt of the defendant . . . of the initial pleading setting forth the claim for relief . . .". Plaintiff contends, in support of its motion to remand, that the initial pleading herein was the service of the garnishment to the Veterans Administration on June 28, 1977. In *Taylor v. Black*, 258 F.Supp. 82, 84 (E.D.Mo. 1966), however, the court stated that the denial of the garnishee's answer "is the equivalent of the petition or complaint in an ordinary lawsuit . . .". Accordingly, the Court concludes that the removal petition was timely filed.

■ In support of its motion to dismiss the garnishment, the Veterans Administration contends that it is not subject to garnishment. In *DePaul Community Health Center v. Campbell*, No. 77–205C(3) (E.D.Mo. March 29, 1977), this Court agreed

with the position of the Veterans Administration herein. That statute which authorizes the Administrator of the Veterans Administration to sue and be sued is limited to matters arising by reason of chapter 37, entitled "Home, Condominium, and Mobile Home Loans". 38 U.S.C. § 1820. The chapter which concerns employees of the Veterans Administration is chapter 3.

Both *Federal Housing Administration v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940) and *May Department Stores Company v. Williamson*, 549 F.2d 1147 (8th Cir. 1977) are distinguishable by virtue of the "sue and be sued" language in the statutes which were applicable therein.

This Court adheres to its decision in *DePaul Community Health Center v. Campbell, supra*, and accordingly, will grant the garnishee's motion to dismiss.