572 F.2d 1275
 The MAY DEPARTMENT STORES COMPANY, Appellant,
v.
James Edward SMITH, Appellee,
Veterans Administration, Garnishee.
The MAY DEPARTMENT STORES COMPANY, Appellant,
v.
Mable M. WALTON, Appellee,
Veterans Administration, Garnishee.
 Nos. 77-1848, 77-1849.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 23, 1978.
Decided March 31, 1978.
Rehearing Denied April 26, 1978.
 
 M. Lee Gerdelman and Charles Clayton, Clayton & Karfield, St. Louis, Mo., filed brief for appellant.
 Robert D. Kingsland, U. S. Atty., St. Louis, Mo., and Barbara Allen Babcock, Asst. Atty. Gen., and Leonard Schaitman and John F. Cordes, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., filed brief for appellee.
 Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 These consolidated appeals from the United States District Court for the Eastern District of Missouri[1] present the narrow question whether the Veterans Administration is immune to garnishment procedures to effect judgments in state courts.
 
 
 2
 James Edward Smith and Mable M. Walton, both employees of the Veterans Administration, made several purchases on credit from the Famous-Barr Department Store, a division of appellant May Department Stores Company. After they failed to pay the bills duly submitted to them, appellant filed suit in state court and obtained judgments against them. Appellant then sought to garnish their wages. The Veterans Administration, as garnishee, successfully sought to remove the action to the federal district court. The Veterans Administration then moved to dismiss and these motions were granted on the basis that the Veterans Administration is immune to garnishment procedures to effect judgments in state courts. We affirm.
 
 
 3
 "It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " United States v. Testan, 424 U.S. 392, 399, (96 S.Ct. 948, 953, 47 L.Ed.2d 114) (1976), quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). See also Bor-Son Building Corp. v. Heller, No. 77-1632, 572 F.2d 174, at 177 (8th Cir. March 8, 1978). This general rule of sovereign immunity has also long been applied to suits seeking to garnish the wages of employees of the United States. See, e. g., Buchanan v. Alexander, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846).
 
 
 4
 Although the general rule of immunity from garnishment remains intact,[2] courts have been liberal in finding that the immunity has been waived. The most frequent basis for finding a waiver of immunity, and the only basis to do so in this case, has been congressional enactment of statutes authorizing federal agencies to sue and be sued in courts of competent jurisdiction. See, e. g., Reconstruction Finance Corp. v. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); Bor-Son Building Corp. v. Heller, supra ; May Dept. Stores Co. v. Williamson, 549 F.2d 1147 (8th Cir. 1977). As we have recently noted, the words "sue and be sued" normally embrace all civil process incident to legal proceedings, including garnishment procedures. See May Dept. Stores Co. v. Williamson, supra.
 
 
 5
 The "sue and be sued" clause covering the Veterans Administration, 38 U.S.C. § 1820(a)(1), as it read at the time this suit was filed, provided:
 
 
 6
 (a) Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may
 
 
 7
 (1) sue and be sued in the Administrator's official capacity in any court of competent jurisdiction, State or Federal . . . .
 
 
 8
 At first blush, this "sue and be sued" clause might appear to be a waiver of immunity in regard to garnishment proceedings. One court has so held. See Chicago Housing Authority v. Davis, No. 75 C 2133 (N.D.Ill. Nov. 29, 1975).
 
 
 9
 We are persuaded, however, that the Davis case was incorrectly decided and that the better reasoned view is that expressed in DePaul Community Health Center v. Campbell, 445 F.Supp. 484, No. 77-025 C (4) (E.D.Mo. March 29, 1977), a case relied upon by the district courts in the cases currently before us. In Campbell the court noted that this "sue and be sued" clause is expressly limited to "matters arising by reason of this chapter," and that the chapter referred to is chapter 37, entitled "Home, Condominium, and Mobile Home Loans." Accordingly, the Campbell court distinguished cases where the "sue and be sued" clause was drafted in general terms, see, e. g., May Dept. Stores Co. v. Williamson, supra, and cases where the "sue and be sued" clause related to statutory provisions dealing with agency employees, see, e. g., Federal Housing Admin. v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), and held that the waiver of immunity in 38 U.S.C. § 1820(a)(1) did not extend to garnishment proceedings.
 
 
 10
 We conclude that the result reached in Campbell and the cases currently before us accurately assesses the congressional intent in enacting 38 U.S.C. § 1820(a) (1). Our conclusion is bolstered by the fact that Congress has recently amended this section. As amended the section provides:
 
 
 11
 (a) Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may
 
 
 12
 (1) sue and be sued in the Administrator's capacity in any court of competent jurisdiction, State or Federal, but nothing in this clause shall be construed as authorizing garnishment or attachment against the Administrator, the Veterans' Administration, or any of its employees . . . . (emphasis added).
 
 
 13
 The legislative history of this amendment includes the following language:
 
 
 14
 Reaffirmation of Congressional Intent with Respect to Limited Waiver of Sovereign Immunity (Section 404)
 
 
 15
 Section 404 (38 U.S.C. § 1820(a)(1)) reaffirms the intent of the Congress with respect to the limited waiver of sovereign immunity provided by section 1820 of title 38, United States Code, which permits suits by and against the Administrator of Veterans' Affairs in, but specifically limits such suits to, home-loan guaranty matters. Despite the clear intent and statutory language of this section, in Chicago Housing Authority v. Davis, Civil No. 75 C 2133, November 20, 1975, the United States District Court for the Northern District of Illinois held that section 1820(a)(1), which provides that the Administrator, with respect to matters arising by reason of chapter 37 (relating to the VA's home-loan guaranty program), may "sue and be sued in the Administrator's official capacity," permitted garnishment of a VA employee's salary for the benefit of a creditor on the theory that this provision constituted a complete waiver of sovereign immunity. That decision clearly exceeded the scope of section 1820, as well as the scope of section 659 of title 42, United States Code (Public Law 93-647) which permits garnishment of Federal employees' salaries only for alimony and child support purposes. As a result, several hundred garnishment actions have been instituted by creditors against the VA in the Chicago area. On the basis of the Davis decision, the VA has had to honor the writs of garnishment which have been issued in that judicial district.
 
 
 16
 In a recent decision, DePaul Community Health Center v. Campbell, Civil No. 77-025 C, 445 F.Supp. 484 (4) (March 29, 1977), the District Court for the Eastern District of Missouri refused to follow Davis and, in the Committee's view, correctly held that the waiver of sovereign immunity in section 1820 extends only to home-loan guaranty matters. Nevertheless, it is possible that other courts may follow the Davis rationale absent the clarification of congressional intent provided by this section.
 
 
 17
 The Committee emphasizes that nothing in this section should be construed as limiting or nullifying the specific provisions of section 659 of title 42 and its accompanying provisions which permit garnishment of Federal employees' salaries (and other benefits based upon remuneration for employment) for alimony and child support purposes.
 
 
 18
 S.Rep.No. 95-412, 95th Cong., 1st Sess., 22-23 (1977), reprinted in (1977) U.S.Code Cong. & Admin.News p. 2636. This subsequent amendment and its legislative history, although not controlling, is nonetheless entitled to substantial weight in construing the earlier law. See, e. g., Glidden Co. v. Zdanok, 370 U.S. 530, 541, 82 S.Ct. 1459, 8 L.Ed.2d 691 (1962).
 
 
 19
 We conclude that the limited waiver of the sovereign immunity of the Veterans Administration contained in 38 U.S.C. § 1820(a)(1) does not extend to garnishment procedures to collect state court judgments of the type here involved.[3] Accordingly, the orders of the district court are affirmed.
 
 
 
 [1]
 The Honorable John F. Nangle (No. 77-1849) and The Honorable H. Kenneth Wangelin (No. 77-1848), presiding. The decision appealed from in No. 77-1849 is reported at 438 F.Supp. 916. The decision appealed from in No. 77-1848 is, as yet, unreported
 
 
 [2]
 Appellant asks us to "overrule" the Supreme Court cases establishing the doctrine of sovereign immunity as the law of the land. Suffice it to say that we are in no position to take such action
 
 
 [3]
 Of course, the Veterans Administration is not immune from garnishment proceedings for alimony or child support. See 42 U.S.C. § 659. No such claim is involved here