Dianna BROCKELMAN, Plaintiff,

v.

Ernie Dale BROCKELMAN, Defendant,

and

Regional Director, Internal Revenue Service, Garnishee.

Civ. A. Nos. 79–1060 to 79–1074, 79–1124 and 79–1125.

United States District Court, D. Kansas.

July 24, 1979.

Randall E. Fisher, Salina, Kan., for plaintiff.

Jon K. Sargent, Asst. U. S. Atty., Topeka, Kan., for garnishee.

## MEMORANDUM AND ORDER

THEIS, Chief Judge.

This matter comes before the Court on the motion of the defendant, United States of America, to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. For the reasons stated herein, the Court grants the motion of the United States for dismissal.

These actions arose in the District Court of Saline County, Kansas. The United States removed the actions to this Court under the provision of 28 U.S.C. § 1442(a). By these actions plaintiffs are attempting to garnish the income tax refunds due to the defendants. The United States contends that the garnishment is barred by sovereign immunity. The plaintiffs, on the other hand, contend that the suits are permissible, since the plaintiffs seek not money belonging to the government, but instead money belonging to the defendants, which is merely in the hands of the government.

It is well settled that the United States, as a sovereign, is immune from suit except as it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Honda v.*

*Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although plaintiffs' position that they are not suing for the government's money may have some logical appeal, it has been argued and rejected many times before. In *Buchanan v. Alexander*, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846), the United States Supreme Court rejected the contention that the creditors of seamen could attach funds due them from the United States. The Court stated:

"The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agent of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen."

Subsequently, in *Applegate v. Applegate*, 39 F.Supp. 887 (E.D.Va.1941), a divorcee sued her ex-husband for back alimony and tried to reach back pay owed to him by the United States government. The Court followed *Buchanan v. Alexander*, and held that a garnishment of funds in the hands of the government could not be maintained without the consent of the United States. Recent cases continue to hold that garnishment of funds due from the government is barred by sovereign immunity. *May Department Stores Co. v. Smith*, 572 F.2d 1275 (8th Cir. 1978); *DePaul Community Health Center v. Campbell*, 445 F.Supp. 484 (E.D. Mo.1977); *Kann Corp. v. Monroe*, 425 F.Supp. 169 (D.D.C.1977); *Reed Marketing Corp. v. Diversified Marketing, Inc.*, 419 F.Supp. 125 (N.D.Ill.1976); *Detroit Window Cleaners Local 139 Insurance Fund v. Griffin*, 345 F.Supp. 1343 (E.D.Mich.1972); *Johnson v. Johnson*, 332 F.Supp. 510 (E.D. Pa.1971); *Clarise Sportswear Co. v. U & W Manufacturing Co.*, 223 F.Supp. 961 (E.D. Pa.1963).

■ The United States has made itself subject to garnishment proceedings for the enforcement of legal obligations to provide child support or to make alimony payments, but only when the money due is for remuneration for employment. 42 U.S.C. § 659. This provision was the result of Congressional recognition that garnishment would be otherwise barred by the immunity of the United States from suits to which it has not consented. S.Rep. No. 93–1356, 93d Cong., 2nd Sess. *reprinted* in [1974] U.S.Code Cong. & Admin.News, pp. 8133, 8157. The mere fact that sovereign immunity has been removed in this one limited area does not reflect a broader intent to remove sovereign immunity in areas not specifically provided for. *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977).

Plaintiffs place reliance on the case of *Joseph F. Hughes & Co. v. United Plumbing & Heating Co.*, 390 F.2d 629 (6th Cir. 1968). There, however, the Director of the I.R.S. voluntarily paid into the Court the refund which plaintiffs were seeking to garnish. The party appealing was not the United States, but was instead the party to whom the refund was owed. The Court made no final ruling on the application of sovereign immunity. In the reported opinion the Court merely refused to dismiss the appeal. The Court did not .decide whether sovereign immunity barred the suit or even whether the appellant had standing to raise the issue of sovereign immunity. It did, however, recognize a substantial question as to sovereign immunity, and refused to dismiss the appeal. The case thus does not stand for the proposition that tax refunds can always be garnished against the will of the United States. It does indicate that the IRS has sometimes voluntarily permitted such garnishment.

■ Suit can be brought against the IRS in statutorily permitted cases. For instance, the IRS may be sued for the refund of excess taxes. 28 U.S.C. § 1346. Likewise, persons who have an interest in property which has been wrongfully levied upon

may sue the United States, 26 U.S.C. § 7426(a)(1), as may persons who claim entitlement to surplus proceeds after sale of property by the IRS. 26 U.S.C. § 7426(a)(2). These statutory waivers for certain delineated actions cannot be construed as a general waiver of immunity for the IRS.

Likewise, the case of *Maxwell v. State of California*, 341 F.2d 235 (9th Cir. 1965), does not provide an absolute right to garnish money in the hands of the United States. In *Maxwell* an individual, Vincze, had deposited $25,000 with the Clerk of the Sixth Circuit as an appeal bond. Vincze subsequently assigned all rights to the money to others. When the appeal was decided, the State of California attempted to garnish the money on deposit with the Sixth Circuit in order to satisfy a debt owed the state by Vincze. The Sixth Circuit ordered the Clerk to deposit the money with the Clerk of the District Court and to interplead the various claimants. As in *Hughes*, supra, the United States did not raise the issue of sovereign immunity. Vincze's assignee, however, contended on appeal that the fund could not be subjected to liens. The Court rejected an appeal by the assignee and held that it was proper for the court to initiate proceedings to determine the rightful possession of the property.

The case now before the Court is different from *Maxwell* in two respects. First, in *Maxwell* the money was in the hands of the court, but title always remained in the hands of the depositor. The purpose of the court's custody of the money had been accomplished, and the owner had become entitled to payment without any further action of the court. Second, the court had itself initiated the interpleader action.

■■ The mere fact that money is being held for another by an agent of the government does not permit others to make the government a garnishee. The general rule is that funds held by the court are not subject to garnishment. *Weir v. Corbett*, 158 F.Supp. 198 (W.D.Wash.1957); Annotation, *Funds Deposited in Court as Subject of Garnishment*, 1 A.L.R.3d 936, 938 (1965);

38 C.J.S. *Garnishment* § 45 (1943). Some courts do hold, however, that once the purpose of the custody is at an end, others may legitimately reach the property. *Maxwell*, supra at 238. Not all courts agree that funds in court can be garnished after the termination of the purpose of the custody. Those that permit garnishment apparently do so on the theory that the money is then being held by the officer of the court merely as an agent of the true owner. 1 A.L. R.3d at 939.

■ Assuming that a clerk of the court could be garnished, this action is different. The IRS is not holding the tax refunds merely as an agent of the taxpayers. Like the funds considered by the Supreme Court in *Buchanan*, the money in the hands of the IRS is the money of the United States, and remains the money of the United States until paid over to the person entitled to it.

■ In this regard plaintiff relies on *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) as establishing that an income tax refund is the property of the taxpayer. *Kokoszka* involved the definition of the term "property" under the Bankruptcy Act, and distinguished a tax refund, already refunded, from wages. Analysis was based on the purposes of the Bankruptcy Act and the nature of the asset. The definition of "property" under the Bankruptcy Act does not depend on the vesting of rights or to definitions of property in other areas of the law. *Lines v. Frederick*, 400 U.S. 18, 19–20, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970). Even a contingent interest may be property under the Bankruptcy Act. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). Thus, the fact that an income tax refund may be property of the taxpayer within the meaning of the Bankruptcy Act does not establish that tax refunds are subject to different rules than wages for the purpose of sovereign immunity.

■ Plaintiffs also rely on 40 U.S.C. §§ 308, 309, which provide a mechanism by which the Attorney General can release attached property for the government's use,

without prejudicing the party seeking the attachment. Can the statute, however, be construed to authorize attachments which would not otherwise be permitted? Section 308 itself negatives any such inference by providing:

> "Nothing herein contained shall, however, be considered as recognizing or conceding any right to enforce by seizure, arrest, attachment, or any judicial process, any claim against any property of the United States, or against any property held, owned, or employed by the United States, or by any department thereof, for any public use, or as waiving any objection to any proceeding instituted to enforce any such claim."

The statute thus provides a method for releasing otherwise valid garnishments. It does not waive sovereign immunity as to any garnishment for which immunity has not otherwise been waived. There being no waiver of sovereign immunity, these garnishment actions cannot be maintained.

IT IS THEREFORE ORDERED that the motion to dismiss of the United States is hereby granted.