**OMEGA ACCOUNTS SERVICING CORP.**

v.

**Kenneth M. KOLLER, Defendant/Debtor,**

**and**

**United States of America, Aberdeen Proving Ground Finance and Accounting Officer, Employee/Garnishee.**

Civ. No. K–80–924.

United States District Court, D. Maryland.

Nov. 28, 1980.

Edwin Shapiro, Towson, Md., for plaintiff.

Russell T. Baker, Jr., U. S. Atty., Edward M. Norton, Jr., Asst. U. S. Atty., Baltimore, Md., and Frank J. Sando, Dept. of the Army, Washington, D. C., for employee/garnishee.

**FRANK A. KAUFMAN, District Judge:**

On October 26, 1979, plaintiff obtained a judgment against defendant Koller in the District Court of Maryland for Harford County in the amount of $692.29. Of that judgment $629.29 remains unpaid. On March 14, 1980, plaintiff filed suit in the District Court of Maryland for Harford County, seeking to garnish defendant Koller's wages in the hands of the United States. Koller is a civilian employee of the Department of the Army, at Aberdeen Proving Ground. The United States removed the within case to this Court under 28 U.S.C. § 1442(a)(1), and now moves, under Federal Civil Rule 12(b)(6), to dismiss plaintiff's quest for garnishment, contending that the United States is immune from this suit.

The United States is immune from suit unless it waives its sovereign immunity.[1] Title 42 U.S.C. § 659 does permit garnishment by a creditor of moneys due from the United States to a debtor "to provide child support or make alimony payments."[2] However, the within garnishment suit does not involve child support or alimony.[3] Rather, plaintiff, a commercial enterprise, is attempting herein to collect on a money judgment owed to it by a debtor, *i. e.*, Mr. Koller. Thus, section 659 is not applicable herein and plaintiff does not otherwise suggest. However, plaintiff does contend that the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1671 *et seq.*, which became effective July 1, 1970, does waive governmental immunity generally in a garnishment case.

Section 1673 provides, in pertinent part:

(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

---

1. *See generally United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (*quoting United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). As to garnishments, *see also Overman v. United States,* 563 F.2d 1287, 1291–92 (8th Cir. 1977); *Reed Marketing Corp. v. Diversified Marketing, Inc.,* 419 F.Supp. 125 (N.D.Ill.1976); *Clarise Sportswear Co. v. U & W Mfg. Co.,* 223 F.Supp. 961, 962 (E.D.Pa.1963).

2. 42 U.S.C. § 659(a) provides in part:

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

3. If child support or alimony were involved, different questions would be presented. *See Diaz v. Diaz,* 568 F.2d 1061 (4th Cir. 1977); *Williams v. Williams,* 427 F.Supp. 557, 567 (D.Md.1976).

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,

whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

### Exceptions

(b)(1) The restrictions of subsection (a) of this section do not apply in the case of

(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.

(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.

(C) any debt due for any State or Federal tax.

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), .50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.[4]

Plaintiff argues that section 1673(a) and (b) waive governmental immunity in all garnishment cases. In so doing, plaintiff contends, *inter alia*, that if the Government's waiver of immunity is limited to situations covered by 42 U.S.C. § 659, *i. e.*, situations involving child support or alimony, then section 1673(a) is superfluous.

▮ Waivers of sovereign immunity must be "unequivocally expressed." *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (*quoting United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). The CCPA contains no unequivocal, express waiver. Moreover, 15 U.S.C. § 1671 discloses that the Congress was considering garnishment in general, and not merely garnishment of wages of federal employees as does 42 U.S.C. § 659. Section 1671, part of the CCPA, provides:

(a) The Congress finds:

(1) The unrestricted garnishment of compensation due for personal services encourages the making of predatory extensions of credit. Such extensions of credit divert money into excessive credit payments and thereby hinder the production and flow of goods in interstate commerce.

(2) The application of garnishment as a creditors' remedy frequently re-

---

**4.** Title 15 U.S.C. § 1675 provides as follows:

The Secretary of Labor may by regulation exempt from the provisions of section 303(a) and (b)(2) [15 U.S.C. § 1673(a), (b)(2)] garnishments issued under the laws of any State if he determines that the laws of that State provide restrictions on garnishment which are substantially similar to those provided in section 303(a) and (b)(2) [15 U.S.C. § 1673(a), (b)(2)].

It is not applicable herein.

sults in loss of employment by the debtor, and the resulting disruption of employment, production, and consumption constitutes a substantial burden on interstate commerce.

(3) The great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country.

(b) On the basis of the findings stated in subsection (a) of this section, the Congress determines that the provisions of this subchapter are necessary and proper for the purpose of carrying into execution the powers of the Congress *to regulate commerce and to establish uniform bankruptcy laws.* [Emphasis supplied.]

It is also to be noted that 15 U.S.C. § 1671 *et seq.* became effective on July 1, 1970. Title 42 U.S.C. § 659 became effective on January 1, 1975.[5] The Senate Report[6] accompanying the Social Services Amendments of 1974, presently enacted as 42 U.S.C. § 659, states:

At the present time, the pay of Federal employees, including military personnel, is not subject to attachment for purposes of enforcing court orders, including orders for child support or alimony. The basis for this exemption is apparently a finding by the courts that the attachment procedure involves the immunity of the United States from suit to which it has not consented.

In 1974, 15 U.S.C. § 1673 was already in effect.[7] The Senate Report thus is a very strong indicator that its authors did not believe that 15 U.S.C. § 1673 or any other then–existing provision of federal law permitted the general attachment or garnishment of federal wages. As for 42 U.S.C. § 659, it was enacted *after* 15 U.S.C., and as stated *supra*, by its own language is limited to support and alimony payments. In *Diaz v. Diaz*, 568 F.2d 1061, 1063 (4th Cir. 1977), Judge Widener wrote:

Indeed, it appears that the purpose and effect of 42 U.S.C. § 659 is to waive the sovereign immunity of the United States for garnishment and like purposes *in a limited class of State court actions involving the support obligations of government employees* receiving, for example, federal pensions. * * * [Emphasis supplied.]

In *Overman v. United States*, 563 F.2d 1287, 1291–92 (8th Cir. 1977), Judge Bright wrote:

Nothing in [section 659] or [its] legislative history, however, indicates any congressional intent to expose the Government to wider liability.

The language of § 659 waives Government immunity only from legal process "brought for the enforcement * * * of [the] legal obligations to provide child support or make alimony payments." The statute patently does not waive governmental immunity to other kinds of lawsuits * * *.

In sum, we hold that under § 659, Congress has not consented to its fiscal officer being sued for any purpose other than enforcement of the legal obligation to provide child support or alimony payments. * * * *[8]

---

**5.** A 1977 amendment to section 1673 related to matters not in issue herein. *See* Pub.L. 95–30, 91 Stat. 157.

**6.** S.Rep.No. 93–1356, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 8133, 8157.

**7.** As stated in n.5 *supra*, the subsequent amendment in 1977 to section 1673 is not relevant herein.

**8.** *See also Brockelman v. Brockelman*, 478 F.Supp. 141, 143 (D.Kan.1979) and cases cited therein. In *Anderson v. Anderson*, 285 Md.

515, 524, 404 A.2d 275 (1979), Judge Cole wrote:

Section 1673 of Title 15 of the United States Code, which sets forth the maximum allowable garnishment *of federal earnings*, has been interpreted by the courts as designed to protect debtors. * * * [Emphasis added.]

The plaintiff in *Anderson* sought to garnish federal civil service annuity payments to satisfy a money judgment for spousal support. Judge Cole, after discussing both federal and Maryland law, expressly declined (at 526) to determine the applicability of section 1673(a)(1) or (b)(2) to the case before him. Further, Judge

For the reasons set forth hereinabove, the United States' motion to dismiss will be granted.

Cole's opinion does not suggest that the Federal Government has extended its consent to suit beyond garnishments to enforce support and alimony agreements.