**Maurice PARKER d/b/a M. Parker & Associates, Appellant,**

v.

**VETERANS ADMINISTRATION, Appellee.**

No. C14–89–00345–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

Debra Jo Catlett, Houston, for appellant.

William E. Yahner, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Maurice Parker appeals the trial court's dismissal of his action which alleged conspiracy, discrimination, breach of contract, tortious interference with a business relationship, and libel against the Veterans Administration. Parker contends in his single point of error that the trial court erred as a matter of law in granting the Administration's motion to dismiss for lack of subject matter jurisdiction. We affirm the trial court's dismissal of the action.

Parker and the Administration had between them a Management Broker Agreement which had been in effect since May of 1984. Under this agreement, Parker agreed to maintain and repair properties held for resale by the Administration. On June 9, 1988, Parker filed suit alleging a variety of complaints against the Administration, including breach of that agreement. The Administrator of the Veterans Administration in Washington D.C. was served on June 22, 1988. The Administration did not file an answer. Parker filed for a default judgment to which the Administration filed no response. The district court granted the motion on August 24, 1988.

On January 11, 1989, the Administration filed a motion to set aside the interlocutory default judgment, and on January 18, 1989, filed a motion to dismiss the action for lack of subject matter jurisdiction. The Administration stated that the state court did not have jurisdiction under 38 U.S.C.A. § 1820(a)(1) as alleged by Parker. The motion to dismiss for lack of subject matter jurisdiction was granted on February 23, 1989.

The appellant, Parker, requests that this court reverse and render judgment in his favor, contending that since the Administrator was authorized to:

... maintain, renovate, repair, modernize, lease or otherwise deal with any property acquired or held pursuant to this chapter.... [and] *permit brokers ... to deduct from rental collections, amounts covering authorized fees, costs and expenses incurred in connection with the management, repair, sale, or lease of any such properties* ... (emphasis added).

it could sue or be sued regarding the agreement under subsection (a)(1). The appellant reasons that the matters listed in § 1820(a)(6) involve the operations of the Loan Guaranty Division of the Administration, so the sue and be sued clause of § 1820(a)(1) allows this type of suit to be brought in state court. It is not disputed that § 1820(a)(1) provides that the Administrator may "... sue or be sued in the Administrator's official capacity in any court of competent jurisdiction, State or Federal ...", but the appellant's interpretation of the subsection is inaccurate.

Initially, we note that the court below did not have jurisdiction over the parties because Parker sued the Veterans Administration in his action, not the *Administrator* in his "official capacity" as required by the subsection upon which Parker relied. The appellant asserts no authority, and we find none, for suing the Veterans Administration itself in state court. We do find authority that the Veterans Administration is not a suable entity. *ESP Fidelity Corp. v. HUD*, 512 F.2d 887, 890 (9th Cir.1975); *Miller v. United States*, 458 F.Supp. 363, 364 (D.Puerto Rico 1978); *State of Colorado v. Veterans Administration*, 430 F.Supp. 551, 557 (D.Colo.1977), *aff'd*, 602 F.2d 926 (10th Cir.1979), *cert. denied*, 444 U.S. 1014, 100 S.Ct. 663, 62 L.Ed.2d 643 (1980).

Furthermore, United States agencies in general are entitled to sovereign immunity unless a specific waiver is unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980). The jurisdiction of state courts conferred by the statute relied on by the appellant is specifically limited to suits arising out of home-loan guaranty

transactions. Federal courts have held that the "sue and be sued clause" of § 1820 was expressly limited to matters arising out of home, condominium, and mobile home loans. *May Department Stores Co. v. Smith,* 572 F.2d 1275, 1277 (8th Cir.1978), *cert. denied,* 439 U.S. 837, 99 S.Ct. 122, 58 L.Ed.2d 134 (1978); *DePaul Community Health Center v. Campbell,* 445 F.Supp. 484 (E.D.Mo.1977). The appellant's agreement and subsequent dispute with the Administration could in no way be construed as a home-loan guaranty transaction.

■ Additionally, the claims asserted by Parker against the Administration, sounding in tort and contract, can be brought against a federal agency only under the strict provisions of the Federal Torts Claims Act and the Tucker Act, respectively. The Federal Torts Claims Act provides that a tort action against a federal agency or a federal employee acting within the scope of his office or employment must be presented by way of a claim to the agency as a prerequisite to the filing of a civil law suit. 28 U.S.C.A. § 2401; *Taylor v. Administrator of Small Business Administration,* 722 F.2d 105 (5th Cir.1983). The transcript does not reflect that the appellant ever presented an administrative claim to the Administration. The jurisdiction over tort claims against the federal government is clearly set out in 28 U.S.C.A. § 1346(b), which provides:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have *exclusive jurisdiction* of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of

the place where the act or omission occurred. (emphasis added).

In regard to the appellant's breach of contract claim, the federal law governing such actions is delineated in the Tucker Act, 28 U.S.C.A. § 1491, and 28 U.S.C.A. § 1346(a)(2). 28 U.S.C.A. § 1491(a)(1) provides:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, *or upon any express or implied contract with the United States,* or for liquidated or unliquidated damages in cases not sounding in tort.... (emphasis added).

Subsection (a)(2) of 28 U.S.C.A. § 1346 goes on to provide that the district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon *any express or implied contract with the United States....* (emphasis added).

Finally, we recognize the authority of 28 U.S.C.A. § 2679(a) which provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, *and the remedies provided by this title in such cases shall be exclusive.* (emphasis added).

■ The trial court was correct in its determination that this suit was not within its jurisdiction. As the court had no jurisdiction over the subject matter, the prior default judgment was void. *Browning v. Placke,* 698 S.W.2d 362 (Tex.1985). The judgment ordering the dismissal of the appellant's cause of action is affirmed.