## MEDLANTIC HEALTH CARE GROUP, INC., Appellant,

v.

## Mignon CUNNINGHAM, Appellee.

### No. 98–CV–1175.

District of Columbia Court of Appeals.

Argued May 2, 2000.

Decided July 6, 2000.

Stuart N. Herschfeld, Annapolis, MD, with whom Brian J. Nash and Leonard W. Dooren, were on the brief, for appellant.

James W. Taglieri, for appellee.

Before STEADMAN and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

As a consequence of a medical procedure undergone by appellee, Mignon Cunningham, at Washington Hospital Center on June 7, 1994, appellee filed a complaint on June 6, 1997 in the Superior Court, alleging negligence on the part of appellant, Medlantic Health Care Group, Inc., its agents, the hospital, and other parties.[1] In response to appellant's request, the trial judge certified the question to this court. D.C.Code § 11–721(d) (1995). A motions division of the court granted the application for allowance of interlocutory appeal. Upon consideration of the ques-

---

1. The original complaint named nine defendants. Ultimately several parties were dismissed, leaving two defendants in addition to appellant in the case as of the time of this appeal. Only Medlantic actually filed an application for permission to appeal in this court and therefore is the only appellant now before us.

tion certified, we dismiss the appeal as improvidently granted.

## I.

On August 8, 1997, appellee filed a motion to extend the time to effect service of process, as the original summons issued by the trial court had already expired.[2] The trial court granted the motion and appellee was afforded an additional thirty days to effect service. In response to the subsequent service of the summons and complaint, appellant filed a motion to quash summons and complaint on August 28, 1997, challenging the validity of the service of process relied upon by appellee. Specifically, appellant Medlantic Health Care Group, Inc. claimed that service of process was made upon the Washington Hospital Center, instead of CT Corporation System, its resident agent. Concluding that proper service had been accomplished, the trial court denied this motion. Following the denial of appellant's motion, appellant sought certification of the matter to this court. On March 19, 1998, the trial court denied appellant's motion, but also dismissed appellee's cause of action, without prejudice, for failure to obtain proper service in a timely manner. Contemporaneously, the court vacated the dismissal and granted appellee thirty additional days to effect service. Appellant again filed a motion for certification to the Court of Appeals, and the trial court granted that motion on July 2, 1998.

## II.

■ D.C.Code § 11–721(a) (1995) establishes in this court jurisdiction over appeals from final orders and judgments of the Superior Court. In the interest of avoiding "piecemeal appeals" and "refrain[ing] from deciding issues which may eventually be mooted by final judgment," *Crown Oil & Wax Co. v. Safeco Ins. Co. of America*, 429 A.2d 1376, 1379 (D.C.1981), this court will not review trial court rulings which are not final. *See also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ("The effect of the statute [28 U.S.C. § 1291] is to disallow appeal from any decision which is tentative, informal or incomplete."). *Id.* at 546, 69 S.Ct. 1221. The present appeal relies on an exception to the general prohibition stated in § 11–721(a) and *Cohen*, which has been carved out to allow for expressly limited certification of questions to this court, even though these matters fall short of being final orders or judgments. Section 11–721(d) states in part:

> When a judge of the Superior Court of the District of Columbia in making in a civil case ... a ruling or order not otherwise appealable under this section, shall be of the opinion that the ruling or order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation or case, the judge shall so state.... The District of Columbia Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from that ruling or order....

■ Another section of our Code, § 11–723(a), similarly permits questions of law to be certified to this court by the Supreme Court of the United States, or by a federal court of appeals, or by the highest court of any state, if the question certified is likely to be determinative in a pending case in the absence of controlling precedent. It is also noteworthy that there is a statutory basis in federal courts, *see* 28 U.S.C. § 1292(b), for certification of questions to a higher court where there is a difference of opinion, on a controlling question, that is likely to advance the ultimate termination of the case. *See Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979). In sum, it is fair to con-

---

**2.** Pursuant to Superior Court Rules of Civil Procedure 4(m), the original summons expired sixty days following the filing of the complaint on June 6, 1997.

clude that courts, bearing in mind the dangers associated with piecemeal appellate review, have been stringent in exercising review by means of certification except for controlling questions, without much precedent, which are likely to end the litigation.

### III.

In this instance, appellant, relying primarily on a premise of judicial economy, argues that a resolution of the question of service of process, if adverse to appellee, will eliminate for the court and the parties further consideration of this aspect of the case. While we understand that this approach to the matter is convenient and therefore attractive to appellant, we conclude it is not in harmony with the stated purposes of an appeal by certification. Simply stated, the question of process with respect to one of several parties in this case is not an issue, lacking in precedent, which can be deemed a controlling question likely to resolve the overall litigation. As we recently reiterated in *In re J.A.P.*, 749 A.2d 715, 718 (D.C.2000), review by certification is intended to be exceptional and not merely a means of accelerated review for what may appear to be a difficult issue. Thus the question of process presented here fails to meet the standard which the statute sets forth. Similarly, we are not persuaded that appellate intervention in a question of this kind constitutes efficiency. Indeed, over the long term, the kind of appellate review sought here would lead to disruption, delay, and an erosion of judicial economy.

Accordingly, we dismiss this appeal as improvidently granted. The mandate of the court shall be issued appropriately. *See* D.C.App. R. 41(a).

*So ordered.*