**WORDS, INC., Appellant,**

v.

**Norman H. SINGER, et al., Appellees.**

**No. 02–CV–1123.**

District of Columbia Court of Appeals.

Nov. 27, 2002.

Howard R. Feldman; David P. Durbin, Washington, DC; James P. Ulwick, Baltimore, MD; Glenn W.D. Golding, and Carlos M. Recio, Washington, DC, were on the motion of appellees to dismiss appeal and the reply memorandum in support thereof.

John S. Lopatto III, Washington, DC, was on appellant's opposition to the motion to dismiss.

Before REID and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

This matter presents the question whether a post-judgment motion in Superior Court styled as a "Rule 59(e)" motion, but seeking no relief available under that Rule, tolls the notice of appeal time period. We hold that it does not and dismiss the appeal as untimely.

Appellant, Words, Inc., filed a legal malpractice action against several firms and individuals, the appellees here. After the trial court granted appellees' motions for summary judgment on May 16, 2002, appellant filed a pleading entitled "Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment and to Correct Summary Judgment Record Pursuant to Rule 60(a)." The motion was filed within the ten-day deadline of Super. Ct. Civ. R. 59(e). In the motion, appellant sought to have the trial record supplemented with a statement by the trial court explaining certain ex parte communications and with materi-

---

als to which the parties referred in their motions for summary judgment but that were not attached *in toto* to the motions. After the trial court denied the "Rule 59" motion on August 30, 2002, appellant filed its notice of appeal on September 27, 2002.

■ Appellees argue that the "Rule 59(e)" motion was not in fact a motion to alter or amend the judgment and therefore did not toll the time for noting an appeal. For the following reasons, we grant the motion to dismiss.

■ A Rule 59(e) motion is one that "seeks relief from alleged legal errors in the trial court's judgment ...." *Vincent v. Anderson,* 621 A.2d 367, 371 (D.C.1993). Appellant's post-judgment motion asked only for supplementation of the record for the purpose of raising certain issues on appeal. It did not specify any error in the trial court's judgment, nor ask that the judgment be altered or reconsidered. "The nature of a motion is determined by the relief sought, not by its label or caption." *Wallace v. Warehouse Employees Union # 730,* 482 A.2d 801, 804 (D.C.1984). Therefore, the fact that appellant's motion was labeled a Rule 59(e) motion is not determinative.

Only specific motions toll the time for appeal. D.C.App. R. 4(a)(2). A motion to supplement the trial record is not among them. Appellant argues that its post-judgment motion qualifies as a tolling motion "to amend or make additional findings of fact." *Id.* The additional findings appellant relies on to so characterize its motion are the trial court's explanation of its ex parte communication with counsel for one of the defendants. Appellant's post-judgment motion asked the trial court to "document for the record the reasons for and nature of any apparent ex parte telephone communications [with defense counsel]." In the order denying appellant's motion, the trial court explained that the telephone calls to counsel were simply to facilitate arranging a status conference and a motions hearing. The trial court's explanation of the calls is not an additional factual finding. It was not based on any assessment of factual assertions submitted by the parties. Rather, it was an explanation of the trial court's conduct. This explanation did not amend or supplement the trial court's memorandum opinion and order granting summary judgment, which further demonstrates that appellant's "Rule 59" motion was not a motion to amend the judgment or make additional findings of fact.

■ Appellant's suggestion that any motion seeking nonministerial relief tolls the appeal time is contrary to the express language of D.C.App. R. 4(a)(2). Moreover, appellant's reliance on our longstanding policy against piecemeal appeals is misplaced, since that policy is directed at prohibiting unnecessary interlocutory appeals, *see Medlantic Health Care Group, Inc. v. Cunningham,* 755 A.2d 1032, 1033 (D.C.2000), and is not intended to postpone the time for appealing a final judgment. "Piecemeal review, against which the rule of finality is aimed, is not as decisive a consideration after judgment as before judgment." *Crane v. Crane,* 657 A.2d 312, 316 (D.C.1995) (quoting *Joseph F. Hughes & Co. v. United Plumbing & Heating, Inc.,* 390 F.2d 629, 630 (6th Cir.1968)). The summary judgment order in this case was a final, appealable order, and the nature of appellant's post-judgment motion did not subject the order to modification.

Appellant's post-judgment motion to supplement the record was not one that tolled the appeal time; therefore, the notice of appeal filed more than four months after entry of the judgment is untimely. We lack jurisdiction to consider an appeal that is not timely filed. *Circle Liquors, Inc. v. Cohen,* 670 A.2d 381 (D.C.1996).

Accordingly, we grant appellees' motion to dismiss this appeal.

*So ordered.*